# KNEELAND v. AMERICAN LOAN AND TRUST COMPANY.

## KNEELAND v. BALLOU.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

Nos. 1539, 1540. Argued January 29, 30, 1891. — Decided March 2, 1891.

The decree in this case in the court below, founded on the report of a master, awarded to the complainant the recovery of rental for five months, separately stated. In this respect the decree was sustained here, (136 U. S. 89,) but it was reversed and the cause remanded, in order to have the computation made, after inquiry into special subjects indicated in the mandate. The Circuit Court, after determining the special matters, regarded the matter of the time and amounts of the rental as settled by the former decree and as sustained by this court, and awarded interest on the amounts from the date of the former decree. *Held*, that there was no error in this; that the remanding of the cause did not reopen the whole subject of the accounts, but, on the contrary, contemplated no new investigation as to past matters.

Counsel should use respectful language, both in brief and in oral arguments.

IN EQUITY. The case is stated in the opinion.

*Mr. John M. Butler* for appellant.

*Mr. Henry D. Hyde* for appellee in No. 1539.

*Mr. J. L. High* for appellees in No. 1540.

MR. JUSTICE BREWER delivered the opinion of the court.

These cases, being appeals from two decrees of the Circuit Court of the United States for the District of Indiana, making allowances to certain intervenors in railroad foreclosure suits, by stipulation of parties are to be heard together and treated as one case. They were before the court a year ago. *Kneeland* v. *American Loan and Trust Co.* 136 U. S. 89.

The claims of the intervenors are for the rental of rolling stock, from the 1st of August, 1883, to the 1st of January, 1885. The road during that time was in the possession of a receiver. From the 1st of August, 1883, to the 1st of December 1883, the receivership was at the instance of a judgment creditor; the remainder of the time, at the instance of the bondholders, for whose benefit the appellant became the purchaser at the foreclosure sales. The only questions then determined which are important to the present controversy, were these: First, the time for which the property was responsible for the rental; and, second, the method of computing it. It was there adjudged that the bondholders, represented by the appellant, the beneficial owners of the property, could not be held liable for rental value prior to December 1, 1883, and during the time that the receivership was at the instance of a judgment creditor. It was also ruled, against the contention of the appellant, that the mileage basis was not the proper one for determining the compensation to be paid to the intervenors; but that they were entitled to recover a reasonable rental value, computed as ordinary rentals, by the month, and irrespective of the actual use of the rolling stock. That was the basis of computation pursued by the Circuit Court, in the decrees from which those appeals were taken; and, therefore,

in that respect its rulings were sustained. In those decrees the court had found the amounts due to the several intervenors, stating each separately and decreeing a recovery therefor.

These decrees were based upon and confirmed final reports made by the master. Back of these reports was an immense volume of testimony upon which they were founded. They stated the amounts due the intervenors, separately and for different periods. One, from August 1, 1883, to August 1, 1884, and the other from thence on to January 1, 1885. With these reports it was a simple matter of arithmetical computation to determine the amount due to each intervenor for the four months from August 1, 1883, to December 1, 1883, that being simply one-third of the year. The order which was entered by this court was that the decrees be "reversed, and the cases remanded with instructions to strike out all allowances for rental prior to December 1, 1883, the time when the receiver was appointed at the instance of the mortgagees, and to allow the rentals as fixed for the time subsequent." In other words, all that the court had to do was to deduct from the amount allowed to each intervenor one-third of the amount allowed for the year ending August 1, 1884. In each of the reports, as well as the decrees, the rentals due from August 1, 1884, to January 1, 1885, had been stated; and on receiving our mandates the Circuit Court interpreted them as in effect affirming so much of the decrees as allowed these amounts to the intervenors, and its new decrees awarded interest thereon from the date of the former decrees. This is the first ground of alleged error.

We think the ruling of the Circuit Court was correct. The amount of the allowances for these five months was separately stated, and such allowances were sustained by this court. While the former decrees were in terms reversed, and the cases remanded for the entering of new decrees, yet, the terms of those new decrees were specifically stated, and in so far as the separate and distinct matters embraced in the former decrees were ordered to be incorporated into the new, it is to be regarded as *pro tanto* an affirmance. Equity regards the

substance and not the form. The rights of parties are not to be sacrificed to the mere letter, and whether the language used was reversed, modified, or affirmed in part and reversed in part, is immaterial. Equity looks beyond these words of description to see what was in fact ordered to be done. *Illinois Central Railroad* v. *Turrill*, 110 U. S. 301. That the computations were not made by this court, and the separate amounts due each intervenor stated in the mandates to the trial court, was owing partly to a fact transpiring on the argument here, and which appears in the closing part of our order, as follows: "Counsel for the Grant claims expressly stated in open court, in his argument, that in case certain appeals from the Sixth Circuit were affirmed there might result a double allowance to his clients, which they did not insist upon. As the details and sum are not clearly presented, we can only say that this matter must be taken into account in the subsequent disposition of the cases." This was a matter not disclosed by the record, and of which we were informed simply by the oral statement of counsel. For this reason, as well as from the fact that there were several intervenors, we left the matter of computation to the trial court.

Another error alleged is this: After the mandates were filed in the Circuit Court the appellant moved that the matters be referred to a master, with instructions to investigate and report the correct and true amounts to be allowed to the claimants; also the exact time at which proceedings were commenced by the mortgagees for the foreclosure of the mortgage resting upon the St. Louis division; whether any receiver was ever appointed at the instance of the mortgagees in said St. Louis division mortgage; and, also, whether the receivership theretofore existing under the creditor's bill, known as "Braman's" bill, or under that brought by the mortgagees on the Toledo division, was ever extended to and made to embrace certain foreclosure suits named. In support, he filed an affidavit as to facts which he claimed to have ascertained since the decision in this court. This motion was denied, and the terms of the decrees were settled by the Circuit Court. This ruling is complained of, but it obviously was correct.

Counsel claims that under the reversal the whole matter of inquiry as to the accounts was opened. On the contrary, the clear language of our decision was to strike out certain specific items, and to allow others as already fixed. No new investigation was contemplated in respect to past matters. The only independent matter left for consideration was that in respect to double allowance, suggested by counsel on oral argument.

A final matter of objection, which applies only to case number 1539, and to the allowance in favor of the intervenor, the American Loan and Trust Company, is this: To that company, for the year ending August 1, 1884, there was, by the former decree, allowed $33,735.28; deducting one-third, leaves $22,490.19. The amount allowed in this decree for such period was $23,262.72, or $772.53 more than the two-thirds. Counsel for this intervenor seems to have gone back of the final reports of the master, into the testimony, to work out this result; but, as we have already stated, no such inquiry was intended to be left open by the former decision to one party more than to the other. In this respect, therefore, there was error, and the allowance to such intervenor must be reduced by that sum.

We regret to notice in the brief of appellees' counsel in No. 1540 aspersions on the conduct of opposing counsel. It is not pleasant to be compelled to remind counsel that language used in briefs, as well as that employed in oral argument, must be respectful.

*The decree in number 1540 will be affirmed. In number 1539 it will be modified, and the case remanded with instructions to reduce the allowance to the American Loan and Trust Company by the sum of $772.53. The costs of that appeal will be equally divided between the appellant and the American Loan and Trust Company.*