## LANE v. STATE ex rel. FREELING.

No. 13610—Opinion Filed March 11, 1924.

Rehearing Denied June 17, 1924.

**1. Bills and Notes—Defenses—Cases Followed.**

A disposal of this appeal is controlled by Union State Bank v. Mayor, 88 Okla. 230,

212 Pac. 987, and Hanna v. Gregg, 92 Okla. 34, 217 Pac. 434, and under the proof in the trial of the cause it was reversible error for the court to instruct a verdict in favor of the plaintiff.

**2. Judgment Reversed.**

Record examined; held, the record is insufficient to support the instructed verdict in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by the State of Oklahoma on the relation of the Attorney General against Frances R. Lane on negotiable instrument. Instructed verdict in favor of the plaintiff. Defendant brings error. Reversed and remanded.

Leahy & Brewster, for plaintiff in error.

Harlow A. Leekley, for defendant in error.

Opinion by STEPHENSON, C. On March 30, 1911, the Monticello Company entered into a written contract with Frances R. Lane in which it became bound to convey a certain lot in an addition to the city of Muskogee to the defendant for the sum of $750. The consideration for the conveyance was the payment of $150 cash and the execution and delivery of a promissory note in the principal sum of $600 payable one year from date. The contract further provided if any payment or interest was not paid when due, the first party at its option might forfeit the contract and all payments made previous to the time of the forfeiture. Later the payee sold and assigned the note to the Union State Bank of Muskogee. The plaintiff commenced its action against the defendant wherein it was alleged that the bank became insolvent and was taken over by the Bank Commissioner for the purpose of liquidation in the year 1913. The plaintiff further alleged the Union State Bank became the owner and holder of the note before maturity for value and without notice of any defect in the title. The defendant filed her answer by way of general denial and further alleged the breach of the contract to convey the lot in question by reason of the company conveying the property to another party, and the defendant by additional allegations set forth that the bank acquired the note after maturity from the land company. While the written contract provided for the forfeiture of all payments made by the defendant upon default of any payment, at the option of the payee of the note, the latter was not authorized by the terms of the written contract in the event of a default in any payment to transfer the note and disregard the contract by conveying the property to some other party. The action of the land company in transferring the note and the conveyance of the property to another party constituted a breach of the contract and failure of consideration for which the note was given. The action of the land company constituted fraud in relation to defendant and comes within the definition of a defective title as defined by section 7725, Comp. Stat. 1921. The witness for the plaintiff in his testimony relating to the acquiring of the note by the banking company did not show that he was familiar with the purchase of the particular note or the circumstances under which it was acquired. He did not show that the note was acquired for value without notice of the defect. The plaintiff relied entirely on the discount register of the bank to show the note was acquired before maturity. The discount register under the heading "date discounted" purports to show that the note was discounted by the bank September 20, 1911. The plaintiff did not show that the witness made the record or was familiar with the record or who did make the record. The witness further testified that he saw similar land notes in the case before the date of maturity of the note sued on herein, but we are unable to gather from the evidence that the witness testified that he saw this particular note before its date of maturity in the note case of the bank. Even though the witness had testified the note was in the case prior to maturity, the defendant testified that the land company owned the note at the time of maturity. We will not undertake to consider the weight which should be given the evidence of the respective witnesses as this case must be tried again. It is sufficient to say that under all the testimony the defendant was entitled to have the cause submitted to the jury under the rules applied in Union State Bank v. Mayor, supra, and Hanna v. Gregg, supra. Having reached this conclusion, it follows that the action of the trial court in refusing to receive the contract in evidence and testimony showing its breach by the land company was error. The defendant in error undertakes to distinguish this case from the authorities cited herein and kindred cases on the ground that the latter cases involved questions of fraud, while the instant case does not. We cannot reach this conclusion. If the land company committed the acts by way of the assignment of the note and attempted forfeiture as claimed, such was fraud on the rights of the defendant and comes within the purview of section 7725.

Therefore the evidence introduced in this cause makes a question of fact for the jury as to whether or not the Union State Bank acquired the note before the date of maturity and without notice of the defect.

Therefore it is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.