[No. 19230. Department One. July 18, 1925.]

## G. A. YARNO, *Respondent,* v. HEDLUND BOX & LUMBER COMPANY, *Appellant.*[1]

INTEREST (11, 12)—TIME WHEN INTEREST ACCRUES—MODIFICATION OF JUDGMENT. Upon reversing a judgment with directions to ascertain the amount of a reduction in accordance with directions given, depending upon an interest allowance, and to enter judgment for the reduced amount, which amount was ascertainable by ordinary and usual standards, it is proper to allow interest on the reduced amount from the date of the original judgment, Rem. Comp. Stat., § 457, providing for interest at six per cent on all judgments not bearing a contract rate.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered August 1, 1924, in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Hamblen & Gilbert,* for appellant.

*Ferris & Ferris* and *Graves, Kizer & Graves,* for respondent.

ASKREN, J.—Plaintiff brought an action to recover upon a logging contract. A jury trial resulted in a verdict for $22,310. Upon appeal we held that, inasmuch as the sums of money due under the contract were not payable excepting at certain specified times, a judgment for the whole amount at the time of trial

[1]Reported in 237 Pac. 1002.

would be more valuable than the right to receive the money at a later period, and that therefore the amount of the judgment should be reduced. The opinion is found in *Yarno v. Hedlund Box & Lumber Co.,* 129 Wash. 457, 225 Pac. 659, 227 Pac. 518, and the pertinent portion of the opinion is as follows:

"The judgment is reversed, and the cause remanded with instructions to ascertain the worth of the recovery at the time of the return of the verdict, in accordance with the directions above given, and enter a judgment for the reduced amount. The appellant will recover its costs of appeal."

Acting in conformity with the order, the trial court found that the worth of the recovery at the time of the return of the verdict was $19,065.69, and entered judgment for that amount, together with interest thereon from the date of the original judgment, May 5, 1923, amounting to $1,445.69. Appellant appeals from that portion of the judgment which allows interest from the time of the original judgment, and contends that, inasmuch as nothing was said in the previous opinion with regard to interest, the words "and enter judgment for the reduced amount" must be taken literally as an expression of this court that no interest was recoverable. An examination of the previous opinion will disclose that the question of interest was not there raised nor considered. Indeed, it would hardly seem necessary that the opinion of this court should make any reference thereto, inasmuch as interest is provided for in the statute, which provides as follows:

"Judgments hereafter rendered founded on written contracts, providing for the payment of interest until paid at a specified rate, shall bear interest at the rate specified in such contracts, not in any case, however, to exceed ten per cent per annum: Provided, that said interest rate is set forth in the judgment; and all other

judgments shall bear interest at the rate of six per centum per annum from date of entry thereof." Rem. Comp. Stat., § 457 [P. C. § 3160].

See, also, *Glenn v. Rice,* 174 Cal. 269, 162 Pac. 1020.

Clearly, nothing being said in the opinion with reference to interest, the most that appellant can contend for is that it is an open question.

The general rule is that interest is recoverable upon all amounts that are capable in the ordinary way of correct ascertainment, and this is true even as to an unliquidated demand where there is a reasonable standard of measurement. *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837. No claim is made here for interest prior to the rendition of the original judgment. When that was rendered, the amount due became fixed and liquidated, and the only objection which this court held to be well taken relative to the amount thereof was that it did not deduct the interest value of the use of the money prior to the time it would be paid under the terms of the contract. This amount was capable of ascertainment by ordinary and usual standards. We said in that opinion:

"The verdict of the jury as returned has reduced it to a mere mathematical problem. . . . We see no reason, therefore, why the amount may not as well be determined subsequent to the return of the verdict as well as in advance of it. It involves no disputed question of fact. The rate of interest to be used is one of the factors of the problem as a legal question and must have been determined by the court and stated in his instructions to the jury, and nothing is left but the mathematical calculation." *Yarno v. Hedlund Box & Lum. Co.,* 129 Wash. 457, 225 Pac. 659, 227 Pac. 518.

To state the problem in a simpler form: suppose the trial court, in entering the original judgment, had entered it for the sum of $22,310, but had segregated it and found that $19,065.69 was the present worth of the

recovery, but that $3,244.31 should be added to it to represent the use of the money until the date when the payments under the contract were to become due. Upon appeal, if we struck from the judgment the latter amount but affirmed the former, would it be contended that the former should have its interest provision stricken from it? We think not.

It follows, then, that when the verdict was rendered for the larger amount, appellant could have protected itself by offering to pay the amount of the verdict, deducting therefrom the difference between that amount and the worth of the recovery. Having failed to do so, and having kept the respondent from the use of this money from the date of the original judgment, at which time the amount due was readily capable of ascertainment by ordinary standards, we think it naturally follows that interest was rightly included. Ample support of this view is found in *Barnhart v. Edwards,* 128 Cal. 572, 61 Pac. 176, where a judgment was ordered reduced by disallowing certain items aggregating over $2,000, and the trial court entered judgment for the reduced amount, but refused interest from the date of the original judgment. The statute of California required the clerk to include in any judgment entered up by him "any interest on the verdict or decision of the court from the time it was rendered or made." Upon appeal the court said:

"The 'decision' of the superior court in the present case was made March 16, 1895, the day on which it filed its findings of fact. There was no subsequent trial of the issues before the court, nor did it make or file any new findings of fact. Its action in correcting its original findings was not its 'decision' upon the issues, but was an act performed under the direction of this court, and the correction of the findings, as well as the judgment to be entered thereon, would relate to the time when the findings were originally filed."

To the same effect see *Kneeland v. American Loan & Trust Co.*, 138 U. S. 509; *Spalding v. Mason*, 161 U. S. 375.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and BRIDGES, JJ., concur.