440 P.2d 790

**BANK OF NEW MEXICO, a banking corporation, Plaintiff-Appellee,**

v.

**EARL RICE CONSTRUCTION COMPANY, Inc., Intervenor-Appellant.**

**No. 8507.**

Supreme Court of New Mexico.

May 13, 1968.

Dolan & Clear, Menig & Sager, Toulouse, Rudd, Gallagher & Walters, Albuquerque, for appellant.

Marron & Houk, Dan A. McKinnon, III, Albuquerque, for appellee.

OPINION

NOBLE, Justice.

We issued the following mandate in a prior appeal, Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368:

"NOW, THEREFORE, this cause is hereby remanded to you with directions to set aside the present judgment and enter a new judgment which (1) awards plaintiff judgment against Earl B. Rice and Lahoma Rice jointly and severally on the promissory notes, in the amount of $64,754.80; (2) awards Earl Rice Construction Company, Inc. judgment against Plaintiff on its breach of contract claim, in the amount of $5,000.00 compensatory damages and $50,000.00 punitive damages; and (3) awards judgment in favor of Plaintiff on the counterclaim of Earl B. Rice. The successful parties are to recover their costs in district court; costs on appeal are to be paid equally by Plaintiff, Rice and the Corporation."

**116**

■ Neither the opinion nor the mandate in the former appeal specifically directed the date from which interest should run on the new judgment which the lower court was directed to enter. We have heretofore said that on remand, the district court has only such jurisdiction as the opinion and mandate of the appellate court specify. Gruschus v. C. R. Davis Contracting Co., 77 N.M. 614, 426 P.2d 589; Sproles v. McDonald, 74 N.M. 243, 392 P.2d 584; Chronister v. State Farm Mut. Auto. Ins. Co., 72 N.M. 159, 381 P.2d 673; Primus v. Clark, 58 N.M. 588, 273 P.2d 963. Accordingly, the trial court, on remand, determined that interest could not be awarded from the date of the original judgment, saying:

"And it further appearing to the Court that pursuant to the aforesaid Mandate no interest can be awarded to any party upon the original judgment, or any part thereof, but that interest can only run from the entry of this judgment."

The parties appear to agree that the following is the correct rule where the judgment is only modified on appeal:

"In most cases where a money award has been modified on appeal, and the only action necessary in the trial court has been compliance with the mandate of the appellate court, the view has been taken that interest on the award as modified "should run from the same date as if no appeal had been taken, that is, ordinarily, from the date of entry of the verdict or judgment. It has been so held regardless of whether the appellate court reduced or increased the original award."

Annot., 4 A.L.R.3d 1221, 1223. There is no agreement, however, about the effect of our former opinion. Earl Rice Construction Company argues that even though the opinion and mandate, in form, reversed the trial court, the effect was only to modify the original judgment and affirm it as modified. The Bank, on the contrary, urges the view that the language of our opinion and mandate reversed and wiped out the former judgment and that the following

rule, found in the above annotation, 4 A.L.R.3d 1221, 1223, is applicable:

" * * * [E]ven where the action of the appellate court has had the effect of more or less definitively fixing the amount which the judgment creditor is to receive, by increasing or reducing the amount originally awarded, the view has sometimes been taken that if the action of the court amounted to an actual reversal, having the effect of wiping out the original judgment or decree, the interest should run only from the time when the amount of the new award is fixed, whether that is done directly by the appellate court or by the trial court's compliance with the appellate mandate."

This court has not heretofore had occasion to determine the precise question now presented. As long ago as 1891, the United States Supreme Court, in Kneeland v. American Loan & Trust Co., 138 U.S. 509, 11 S.Ct. 426, 34 L.Ed. 1052, said:

" * * * While the former decrees were in terms reversed, and the cases remanded for the entering of new decrees, yet the terms of those new decrees were specifically stated, and in so far as the separate and distinct matters embraced in the former decrees were ordered to be incorporated into the new, it is to be regarded as *pro tanto* an affirmance. Equity regards the substance, and not the form. The rights of parties are not to be sacrificed to the mere letter, and whether the language used was reversed, modified, or affirmed in part and reversed in part, is immaterial. * * * "

See also Snapp v. State Farm Fire & Cas. Co., 60 Cal.2d 816, 36 Cal.Rptr. 612, 388 P.2d 884; Stockton Theatres, Inc. v. Palermo, 55 Cal.2d 439, 11 Cal.Rptr. 580, 360 P.2d 76; Yarno v. Hedlund Box & Lumber Co., 135 Wash. 406, 237 P. 1002.

■ We then examine our former opinion in its relation to the original judgment in this case to determine whether, in fact, we wiped out the original judgment or whether, even though the former judgment was in terms reversed and the cause re-

manded for the entry of a new judgment, it is to be regarded as pro tanto an affirmance of the original judgment. The Bank was originally awarded judgment in the amount of $64,754.80 on account of the promissory notes. We directed the entry of a new judgment for that exact amount. Earl Rice Construction Company was originally awarded judgment for $50,000.00 compensatory and $50,000.00 punitive damages. We directed a new judgment awarding the construction company $5,000.00 compensatory and $50,000.00 punitive damages. Earl B. Rice and his wife were originally awarded damages personally which we held was improper. The effect of our opinion in the former appeal thus was to affirm the Bank's judgment on account of the notes, to affirm the construction company's judgment against the Bank for both compensatory and punitive damages, and to reverse and wipe out the judgment in favor of the Rices personally. The fact that the amount of the compensatory damages in favor of the construction company was reduced by us from $50,000.00 to $5,000.00 does not change the effect of the opinion. We only modified the former judgment and, accordingly, interest on the modified judgment is to be computed from the date of the original judgment. Annot., 4 A.L.R.3d 1221, 1223. The fact that we reversed and wiped out the Rices' personal judgment does not require a different result. The new judgment makes no award in favor of the Rices individually, and hence the question of interest as to them is immaterial. We agree with what was said in Kneeland v. American Loan & Trust Co., supra, and interpret our former opinion in this case as a pro tanto affirmance of the original judgment.

We find no merit to the Bank's argument that interest should only run from the date of the new judgment because it could not have stopped interest on the original judgment pending appeal. Annot., 4 A.L.R.3d 1221, 1223. Nor are we impressed that allowing interest on the award of punitive damages only has the effect of increasing the punitive damage award. It is, of course, true that allowing interest

has the effect of increasing the amount the successful litigant will receive but interest is compensation allowed by law or fixed by the parties for the use of money belonging to another. Bradbury & Stamm Constr. Co. v. Bureau of Revenue, 70 N.M. 226, 238, 372 P.2d 808.

It follows that the judgment should be remanded with direction to vacate the judgment appealed from and to enter the judgment directed in Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368, and to allow interest at the rate provided by statute from the date of the original judgment in this case.

It is so ordered.

MOISE and CARMODY, JJ., concur.