463 P.2d 511

**J. R. VARNEY, Administrator of the Estate of Jackie Raymond Varney, Deceased, Plaintiff-Appellant,**

v.

**Dennis Leo TAYLOR and Arrow Gas Service Company, Defendants-Appellees.**

No. 8843.

Supreme Court of New Mexico.

Dec. 22, 1969.

Rehearing Denied Jan. 27, 1970.

James L. Brown, Farmington, for plaintiff-appellant.

White & Caton, Farmington, for defendant-appellee Dennis Leo Taylor.

Botts, Botts & Mauney, Albuquerque, Tansey, Rosebrough, Roberts & Gerding, Farmington, for defendant-appellee Arrow Gas Service Co.

OPINION

TACKETT, Justice.

This opinion should finally decide a cause of action that has traveled a long and rocky road through our courts. The action was commenced in the District Court of San Juan County, New Mexico, to recover damages for wrongful death. After trial without a jury, judgment was entered in favor of plaintiff on February 4, 1964. On appeal and cross-appeal, this court, in Varney v. Taylor, 77 N.M. 28, 419 P.2d 234 (1966) (designated as "Varney #1"), even though the case had been here once previously, Varney v. Taylor, 71 N.M. 444, 379 P.2d 84 (1963), affirmed the judgment, except as to the amount of the award for damages, and remanded the case to the trial court with instructions to enter a new judgment and compute the award in the manner provided for in the opinion. The new judgment was entered of record on March 3, 1967. Thereafter, another appeal and cross-appeal ensued. The latter judgment was affirmed, except as to the amount of the award. Varney v. Taylor, 79 N.M. 652, 448 P.2d 164 (1968) (designated as "Varney #2"). The cause was again remanded with direction to enter another new judgment and to apply to future damages a discount of three and one-half per cent. Pursuant to this mandate, an amended judgment was entered of record on February 17, 1969. This judgment denied interest from February 4, 1964 (date of original judgment), but did allow interest from March 3, 1967 (date of the second judgment).

Plaintiff appeals, contending under point I that:

"THE TRIAL COURT ERRED IN FAILING TO ALLOW INTEREST FROM FEBRUARY 4, 1964, (DATE OF ORIGINAL JUDGMENT) ON THE PRINCIPAL AMOUNT OF THE JUDGMENT THAT WAS FINALLY

DETERMINED TO BE CORRECT, WHICH WAS ENTERED FEBRUARY 17, 1969."

We must first determine if interest is allowed in cases such as this. We conclude that appellant is entitled to interest in accordance with the provisions of § 50-6-3, N.M.S.A., 1953 Comp., which provides in part:

"The rate of interest, in the absence of a written contract fixing a different rate, shall be six per cent [6%] per annum, in the following cases:

"* * *

"Second. On judgments and decrees for the payment of money when no other rate is expresssed.

"* * * *"

Since more than one judgment was entered, appellees contend that interest should not begin to run on the original judgment of February 4, 1964, but rather should start with the second judgment of March 3, 1967. Appellants, on the other hand, contend that the interest should begin to run on the date of the original judgment (February 4, 1964), relying on Bank of New Mexico v. Earl Rice Construction Co., 79 N.M. 115, 440 P.2d 790 (1968). In that case we said:

"* * * [I]nterest on the modified judgment is to be computed from the date of the original judgment. * * *"

In the Rice case, supra, we quoted with approval from Annot. 4 A.L.R.3d 1221, 1223, as follows:

"In most cases where a money award has been modified on appeal, and the only action necessary in the trial court has been compliance with the mandate of the appellate court, the view has been taken that interest on the award as modified should run from the same date as if no appeal had been taken, that is, ordinarily, from the date of entry of the verdict or judgment. It has been so held regardless of whether the appellate court reduced or increased the original award."

Was the opinion in Varney #1 a mere modification of the lower court's judgment so that interest would begin to run from February 4, 1964, the date of the original judgment? We think not.

The Rice case, supra, stands for the rule that if the opinion only requires a *modification* of the former judgment (such as remittitur or additur), interest accrues at the date of the original judgment; but if we have reversed the former judgment, insofar as damages are concerned, and remanded for new findings and computation of the award, such as here, then interest accrues from the date of the new judgment.

In Varney #1, we affirmed that portion of the judgment which determined liability of appellees for the wrongful death, and reversed and set aside the portion which found the amount of damages based upon the amount the decedent could reasonably expect to accumulate during his life expectancy. We said the court must apply another basis (net income), leaving the trial court to weigh the evidence and determine what income properly came within net income and what income, as well as what expenses, should be deducted from gross income to arrive at a proper net income for this purpose. The trial court had to make additional findings and recompute damages based on findings newly made. Thus, there was more than a mere modification. Proper damages could not have been ascertained on the findings as made on February 4, 1964 (date of the first judgment). State Trust and Savings Bank v. Hermosa Land and Cattle Co., 30 N.M. 566, 240 P. 469 (1925). See O'Meara v. Commercial Insurance Co., 71 N.M. 145, 376 P.2d 486 (1962).

Interest should run from the second judgment of March 3, 1967.

What we have here said makes further comment unnecessary.

The decision of the trial court is affirmed.

It is so ordered.

MOISE, C. J., and COMPTON and WATSON, JJ., concur.