

SHIPROCK DISTRICT COURT

February 22, 1982

No. SR-CV-188-81

OPINION AND ORDER ON
MOTION TO MODIFY JUDGMENT
AND
RULING ON BILL OF COSTS

ELLA LOUISE BRYANT, et. al., Plaintiff, v.

MARY I. BRYANT, Personal Representative
of the Estate of ALLISON BRYANT, Deceased, Defendant.

Honorable Harry D. Brown, Judge presiding.

I. THE MOTION TO MODIFY JUDGMENT

This motion attacks the inclusion of prejudgment interest in the judgment at the rate of 15% per annum from the date of the incident which gave rise to this suit - December 20, 1979.

Postjudgment interest is a familiar subject in most jurisdictions, and normally there is a statute which fixes the amount of interest which accrues from the date of the judgment to the time it is paid. Prejudgment interest, however, is a subject of a great deal of litigation these days, since it asks for interest from the time of the event until the time of judgment.

This is a negligence action involving personal injuries and deaths resulting from an automobile incident. The defendant objects to the prejudgment interest recited in the judgment.

The plaintiffs insist courts allow prejudgment interest in tort actions, citing 22 Am.Jur., Damages sec. 189, and assert it is allowed from the date of the injury and judgment (Id. Sec. 190). The plaintiffs also contend that prejudgment interest is allowed under Navajo law because of the statute which provides the court must "fairly compensate the injured party for the loss he has suffered." 7 N.T.C. Sec. 701(b).

On the other hand, the defendant insists that in New Mexico the "Courts do not allow interest in cases involving wrongful death prior to entry of a Judgment." (Citing Varney v. Taylor, 81 N.M. 87, 463 P.2d 511 and Bank of New Mexico v. Rice, 79 N.M. 115, 440 P.2d 790).

The plaintiff's brief overlooks the section of American Jurisprudence 2d which follows the last section cited. It states:

"A claim for damages arising out of a personal
injury action is unliquidated in the sense that the
defendant cannot know, prior to judgment, the pre-
cise amount he is going to be required to pay. There-
fore, courts, in the absence of an applicable statute,

-200-

apply the general rule for unliquidated claims and do not allow interest as a part of damages awarded in such an action." 22 Am.Jur.2d, Damages Sec. 191 (Emphasis supplied).

The defendant's brief fares no better, because the cases cited discuss post-judgment interest and not pre-judgment interest.

The court has not attempted an exhaustive search to find the exact New Mexico law on this point, because Navajo law may independently allow prejudgment interest in this kind of case and because the court will decide this matter on a different basis.

First of all, this court adopts the concept that "Interest, as a part of damages, is allowed, not by application of arbitrary rules, but as a result of the justice of the individual case and as compensation to the injured party." 22 Am.Jur.2d, Damages Sec. 179. This is in harmony with 7 N.T.C. Sec. 701(b), which provides that the court must enter judgments which fairly compensate the injured party for his loss.

But how is the jury or the court to know that prejudgment interest should be included in the judgment as an element of fair compensation? The plaintiff's complaint does not ask for prejudgment interest, although as a general principle it has been said that there need not be an express claim for it as long as the prayer for relief (i.e. ad damnum clause) is large enough to cover it. Id., Sec. 288, See also Rule 11, Rules of Civil Procedure. However this court finds the better rule is that prejudgment interest should be alleged and demanded in the complaint. 22 Am.Jur.2d. Id.

Since Rule 11 of our Rules of Civil Procedure allows parties to go outside the complaint for the purpose of damages, it should be noted that some courts permit the jury to consider the fact their award, if any, would be made some time after the plaintiff was entitled to compensation for his loss. Am.Jur.2d, supra, Sec. 191. However this rule and Rule 11 are of no avail to the plaintiffs.

Here we have a situation where counsel are members of the New Mexico bar and knowledgable in the field of personal injury law. They are or should be aware that the entire field of prejudgment interest is a rapidly changing one and one where new developments are being reported in legal journals and periodicals on a monthly basis. If the plaintiffs were indeed serious about claiming prejudgment interest, they should have raised it in their complaint so this novel point could have been resolved by the court on a motion to strike or some other motion directed to the pleadings. Likewise the plaintiffs could have asked for appropriate jury instructions (see above) or otherwise raise the point before the jury at the time of trial.

But for the fact the point was not raised to the court or the jury prior to or at trial, the defendant's brief was of no assistance in contesting the point, and the court could have easily ruled 7 N.T.C. Sec. 701(b) justifies prejudgment interest. However the legal question of the allowance of prejudgment interest must remain an open question in the Navajo courts since the ruling of the court is compelled by another statute.

7 N.T.C. Sec. 702 states:

"The judge shall render judgment in accordance

with the verdict of the jury and existing law."
(Emphasis supplied).

That statute resolves this matter very simply. There were no jury instructions on the question of prejudgment interest and there was no request for a special verdict on the matter. Therefore we must conclude that the verdict returned was an award of general compensatory and special damages excluding prejudgment interest. The court is bound by the verdict unless it is contrary to law, and that question has already been resolved by a prior motion.

Therefore, because this court is bound by the veridct of the jury, the motion to modify the judgment to eliminate prejudgment interest should be granted.

## II. THE BILL OF COSTS

7 N.T.C. Sec. 752 provides for the assessment of costs for the expenses of voluntary witnesses, jurors fees and "further incidental expenses connected with the procedure before the court as the court may direct." This section grants the court broad discretion to fairly reimburse the prevailing party for his or her litigation expenses. Therefore items 1 through 10 and 13 and 16 will be allowed.

As regards to items 11, 12, 14 and 15, while the court recognizes plaintiffs in contingent fee personal injury litigation are debited for counsel's expenses from the recovery, most courts would simply not allow attorneys' investigation expenses such as those claimed. Therefore those items are disallowed.

There will be an amended judgment following this Order, and when reciting the interpreter's fee (Item No. 16) in the judgment which will be prepared, that item should be recited to allow the reasonable expenses of the individual (recited by name) upon the submission of his or her statement. The court will of course grant leave to the defendant to object as the reasonableness of that statement when it is submitted.

Based upon the foregoing discussion, the court makes the following ORDERS:

1. The defendant's Motion to Reduce Interest is hereby GRANTED.

2. The judgment shall bear postjudgment interest at the rate of six (6%) per cent per annum from November 11, 1981.

3. The plaintiffs' Bill of Costs is ALLOWED with respect to Items 1 through 10, 13 and 16, and DISALLOWED with respect to items 11, 12, 14 and 15;

4. The Clerk of Court shall prepare a statement of the jury expenses of this case and submit copies to the counsel for the parties for inclusion in the amended judgment as costs against the defendant; and

5. Within ten (10) days from the date of this Order, the plaintiffs shall prepare an amended judgment, including costs, in accordance with this Order, and shall submit the same for the review of counsel for the defendant and thereafter submit the same to the court for entry.