762 P.2d 889

**CONSOLIDATED OIL AND GAS, INC.,**
**Plaintiff–Appellee,**

v.

**SOUTHERN UNION COMPANY, et al.,**
**Defendants–Appellants.**

**No. 17697.**

Supreme Court of New Mexico.

Sept. 27, 1988.

Rehearing Denied Oct. 31, 1988.

Montgomery & Andrews, Victor R. Ortega, Albuquerque, Montgomery & Andrews, Sarah M. Singleton, Santa Fe, Bruce E. Henderson, Asst. Gen. Counsel, Dallas, Tex., for defendants-appellants.

Campbell & Black, Michael B. Campbell, Bradford C. Berge, Santa Fe, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Disposition of this appeal hopefully will mark the final chapter in a suit for negligent misrepresentation between plaintiff-appellee, Consolidated Oil and Gas, Inc. (Consolidated), and defendants-appellants, Southern Union Company and Southern Union Gathering Company (collectively Southern Union). The substance of that suit concerned the tortious misrepresentation of the jurisdictional status of certain natural gas produced by Consolidated and sold under contract to Southern Union. In *Consolidated Oil & Gas, Inc. v. Southern Union Co.*, 106 N.M. 719, 749 P.2d 1098 (1987), this court affirmed a judgment in favor of Consolidated in the principal amount of $8,427,978, but held that the district court incorrectly computed prejudgment interest on the principal award.[1] We remanded the cause to the trial court for the sole purpose of recalculating the amount of prejudgment interest. *Id.* at 725, 749 P.2d at 1104.

On remand Southern Union and Consolidated stipulated that the appropriate prejudgment interest award was $2,177,695. Southern Union now appeals the decision of the trial court to accrue postjudgment interest on the revised prejudgment interest award from the date of the original judgment in the trial court (July 12, 1985). Southern Union argues that postjudgment interest on the revised figure of $2,177,695 should accrue only from the date of entry of final judgment on remand (March 9,

---

1. The trial judge found that Consolidated was "entitled to prejudgment interest on [the damage award of $8,427,978] in the amount of $2,595,989, which is calculated at 6% simple interest." The award, however, was incorrectly calculated using monthly compounding.

1988).[2]

Southern Union relies on this court's decision in *Varney v. Taylor*, 81 N.M. 87, 463 P.2d 511 (1969). In *Varney* we stated that where our

> opinion only requires a *modification* of the former judgment (such as remittitur or additur), interest accrues at the date of the original judgment; but if we have reversed the former judgment, insofar as damages are concerned, and remanded for new findings and computation of the award, such as here, then the interest accrues from the date of the new judgment.

*Id.* at 88, 463 P.2d at 512 (emphasis in original). Southern Union argues that since the mandate of our earlier decision required the trial court to make additional findings prior to the entry of the judgment on the mandate, interest should accrue only from the date of the new judgment. We disagree, and hold that the entry of the final judgment in this case constitutes a "modification" of the original award as contemplated by *Varney*."

This court first addressed the question of accrual of postjudgment interest in *Bank of New Mexico v. Earl Rice Construction Co.*, 79 N.M. 115, 440 P.2d 790 (1968). There we noted that the appropriate inquiry is whether the action of the appellate court "amounted to actual reversal, having the effect of wiping out the original judgment," *id.* at 116, 440 P.2d at 791 (quoting, Annotation, *Date From Which Interest on Judgment Starts Running as Affected by Modification of Amount of Judgment on Appeal*, 4 A.L.R.3d 1221, 1223 (1965)), or whether "it is to be regarded as pro tanto an affirmance of the original judgment." even though the former judgment was in terms reversed on appeal. *Id.* In *Varney* this court "reversed and set aside," *id.* at 88, 463 P.2d at 512, a portion of the judgment award because the trial court had adopted an incorrect legal standard in measuring those damages; that portion of the judgment was a nullity. The effect of our former opinion in this case was to affirm

both the underlying damage award of $8,427,978 and the discretionary award of prejudgment interest *utilizing the legal standard which the trial court had intended*. Thus, the judgment was affirmed pro tanto, and the cause remanded solely to correct a computational error which Consolidated had conceded in the appeal. Mere arithmetic recomputation of prejudgment interest on remand, whether performed by the trial court or the parties themselves, does not preclude accrual of interest on the award from the date of the original judgment. *Cf. Peterson v. Crown Financial Corp.*, 553 F.Supp. 114, 117 (1982) (postjudgment interest paid on prejudgment interest award from date of original judgment after recalculation of prejudgment interest on remand using new interest rate).

We affirm the decision of the trial court to accrue postjudgment interest on the prejudgment interest award of $2,177,695 from July 12, 1985 until paid in full, and remand the cause to the trial court for further proceedings.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.

---

**2.** Southern Union does not dispute that postjudgment interest on the principal amount of

the judgment ($8,427,978) accrues from the date of the original judgment (July 12, 1985).