764 P.2d 1326

Henry ULIBARRI, Plaintiff–Appellee,

v.

George GEE and Joan Z. Ball, individually and doing business as Chama Valley Realty, Defendants–Appellants.

No. 17792.

Supreme Court of New Mexico.

Dec. 1, 1988.

Montgomery & Andrews, P.A., Walter J. Melendres, Albuquerque, for plaintiff-appellee.

Miller & Wess, Ltd., Hartley B. Wess, Albuquerque, for defendants-appellants.

OPINION

RANSOM, Justice.

In a prior opinion, *Ulibarri v. Gee*, 106 N.M. 637, 748 P.2d 10 (1987), we discussed objective standards and criteria against which to measure the discretionary attorney's fee that may be awarded in an action to enforce mechanics' and materialmen's liens. Finding the attorney's fee award in favor of Ulibarri to be excessive under those standards and criteria, this Court itself reconsidered the attorney's fee rather than designate a judge to act for the original judge who had left the trial bench. On remand, the trial court entered judgment against Gee and Ball (Chama Realty) for the attorney's fee set by this Court and awarded interest thereon from entry of the original judgment. Chama Realty appeals, claiming postjudgment interest on the attorney's fee should be from entry of the judgment on remand. We affirm.

We do agree with Chama Realty's contention that had circumstances been different, i.e., had the same trial judge been available upon remand, this Court would have remanded for a reconsideration of fees. Consequently, we decide the question on this appeal no differently than if the trial court had reconsidered the attorney's fee on remand. The controlling case law includes *Consolidated Oil & Gas, Inc. v. Southern Union Co.*, 107 N.M. 602, 762 P.2d 889 (1988); *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978); *Varney v. Taylor*, 81 N.M. 87, 463 P.2d 511 (1969); and *Bank of New Mexico v. Earl Rice Construction Co.*, 79 N.M. 115, 440 P.2d 790 (1968). The basic rule is that when this Court reverses and effectively wipes out all or a portion of a judgment, rendering it a nullity, and remands for new findings and the award of damages through the exercise of discretion, then interest accrues from the date of the new judgment; but with a mere modification, interest accrues from the date of the original judgment.

Here, this Court reversed the trial court's award of attorney fees, and a reconsideration of fees was required under standards and criteria apparently not used by the trial court in setting the fees originally. A mechanical application of the basic rule may indicate that interest accrue from the new judgment as in *Varney.* Yet, we must not disregard substance in deference to form. "The rights of parties are not to be sacrificed to the mere letter, and whether the language used was reversed, modified, or affirmed in part and reversed in part, is immaterial.'" *Bank of New Mexico,* 79 N.M. at 116, 440 P.2d at 791 (quoting *Kneeland v. American Loan & Trust Co.,* 138 U.S. 509, 512, 11 S.Ct. 426, 427, 34 L.Ed. 1052 (1891).

■ In substance, Ulibarri was entitled to a reasonable attorney's fee with entry of the original judgment. The fee as awarded was unreasonable, requiring modification. *Excessiveness* is distinguishable from the error in *Varney.* Here, modification for excessiveness required only the reconsideration of facts as originally found. In *Varney,* proper damages, whether more or less, could not have been ascertained without a reconsideration of other evidence and new findings on issues not even considered originally. Further, because it would be inequitable to deny the prevailing party the cost of the lost opportunity to use the money of which the judgment debtor had use during the pendency of appeal, *see Genuine Parts Co.,* 92 N.M. at 60, 582 P.2d at 1273, we hold as a matter of policy that when an award is remanded for a new decision by reason of excessiveness, the new award shall accrue interest from the date of the original judgment.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.

SCARBOROUGH, C.J. (not participating).