717 P.2d 78

**Henry PRITCHARD, Plaintiff-Appellee,**

**v.**

**HALLIBURTON SERVICES, a foreign corporation, Defendant-Appellant.**

**No. 8410.**

Court of Appeals of New Mexico.

Feb. 18, 1986.

Certiorari Denied March 26, 1986.

Bradley D. Tepper, Howard R. Thomas, Sager, Curran, Sturges & Tepper, P.C., Alburquerque, for defendant-appellant.

Joseph William Reichert, Albuquerque, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

This appeal raises the question of whether a successor judge may sign and file findings of fact and conclusions of law prepared by the predecessor judge who heard the case but who left the bench before signing and entering a decision. We hold that he may not, and remand for a new trial.

In this worker's compensation case, Judge Ann Steinmetz commenced hearing the case on its merits on August 21, 1984, continued on September 25, 1984, and completed the trial on December 11, 1984. On that last date, Judge Steinmetz announced she would be leaving the bench on December 21, 1984, and that requested findings of fact and conclusions of law should be submitted no later than December 18, 1984. Both plaintiff and defendant complied; however, Judge Steinmetz did not sign or file, before leaving the bench, a decision containing the court's findings of fact and conclusions of law. NMSA 1978, Civ.P.R. 52 (Repl.Pamp.1980).

Instead, Judge Frederick M. Mowrer, Judge Steinmetz's successor, entered findings of fact and conclusions of law on December 31, 1984. At the hearing on presentment of judgment held on January 14, 1985, Judge Mowrer stated that Judge Steinmetz had prepared the findings of fact and conclusions of law which he signed.

The record reflects Judge Mowrer's signature above Judge Steinmetz's typed name on the court's findings of fact and conclusions of law. Judge Mowrer said that he had signed pursuant to a "rule" which allows one judge to sign papers for another judge. Judge Mowrer entered judgment for plaintiff on January 14, 1985.

Defendant moved for a new trial on the ground that the court's findings of fact and conclusions of law had not been entered by the trial judge, Judge Steinmetz. Judge Mowrer denied the motion and defendant appeals.

New Mexico appellate courts have not passed on the question of the power of a successor or substituted judge to render a decision in a civil case in which the evidence was presented to and heard by a predecessor judge who, by reason of death, resignation, expiration of term, or other cause, ceased to be the judge before a determination of the case. In a related matter, the supreme court in *Gruber v. Gruber,* 86 N.M. 327, 523 P.2d 1353 (1974), held that a successor judge is vested with broad discretion to grant or deny a new trial after judgment has been entered by the judge who left the position, unless the successor judge finds he cannot satisfactorily perform the function. *Gruber* does not, however, answer the question here since the predecessor judge in that case had entered a final decree deciding the case, and the successor had only to rule on a motion for a new trial directed to the decision already made by his predecessor. In the case before us no such decision had been made.

Cases from other jurisdictions have reached different results depending, among other things, on the existence or nonexistence of statutes or rules of court governing the power of successor or substituted judges. Annot., 22 A.L.R.3d 922 (1968). When NMSA 1978, Civ.P. Rule 63 (Repl. Pamp.1980) is considered in conjunction with Civ.P. Rule 52(B)(1), we conclude that a successor judge may not, under the circumstances of this case, sign and enter a decision containing findings of fact and conclusions of law prepared by his predecessor who left the position before signing and entering a decision.

Civil P. Rule 52(B)(1)(a) provides in part:

**(1) Preparation; exceptions; review.** (a) Upon the trial of any case by the court without a jury, its decision, which shall consist of its findings of fact and conclusions of law, must be given in writing and filed with the clerk in the cause. In such decision the court shall find the facts and give its conclusions of law pertinent to the case, which must be stated separately.

Civil P. Rule 63 provides:

If by reason of death, sickness or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

■ It is clear that Civ.P. Rule 52 mandates that in a nonjury case, unless waived, the trial court gives its decision in writing consisting of its findings of fact and conclusions of law stated separately. Ordinarily, only the judge who conducted the trial and heard the evidence may enter a decision. *In re Death of Elwell,* 66 Hawaii 598, 670 P.2d 822 (1983).

■ Civil P. Rule 63 provides a limited exception to that general rule. It allows for another judge to perform the duties for the trial judge when the latter is unable to perform, but only "after a verdict is returned or findings of fact and conclusions of law are filed * * *." Here no findings of fact or conclusions of law had been filed by Judge Steinmetz before she left the bench; therefore, Civ.P. Rule 63 cannot be invoked to provide power for the successor judge to sign and enter a decision. *Elwell.*

*Cf. McCaffery v. Steward Construction Co.*, 101 N.M. 51, 678 P.2d 226 (Ct.App. 1984) (successor judge entered judgment on letter decision containing findings of fact and conclusions of law signed and filed by the predecessor judge). For a comprehensive discussion of Fed.R.Civ.P. 63, see *Whalen v. Ford Motor Credit Co.*, 684 F.2d 272 (4th Cir.1982), *cert. denied* 459 U.S. 910, 103 S.Ct. 216, 74 L.Ed.2d 172 (1982).

In addressing a similar question, the court in *In Re Whisnant*, 71 N.C.App. 439, 322 S.E.2d 434, 435 (1984), said:

> Rule 63 does not apply to the situation before us. This is true for two reasons. Judge Tate was neither disabled nor did he ever make findings of fact. The function of a substitute judge is thus ministerial rather than judicial. As this Court observed:
>
>> Rule 63 does not contemplate that a substitute judge, who did not hear the witnesses and participate in the trial, may nevertheless participate in the decision making process. It contemplates only * * * [performing] such acts as are necessary under our rules of procedure to effectuate a decision already made. Under our rules, where a case is tried before a court without a jury, findings of fact and conclusions of law sufficient to support a judgment are essential parts of the decision making process.
>
> *Bank v. Easton*, 12 N.C.App. 153, 155, 182 S.E.2d 645, 646, *cert. denied*, 279 N.C. 393, 183 S.E.2d 245 (1971).

To affirm would put the successor judge in the position of rendering a decision without having heard the evidence or observed the witnesses. This we cannot allow. *Welsh v. Brown-Graves Lumber Co.*, 58 Ohio App.2d 49, 389 N.E.2d 514 (1978).

The result we reach finds support in jurisdictions which have similar rules. In *Elwell*, the judge who heard the case resigned before signing or filing findings of fact and conclusions of law. His successor signed and filed findings and conclusions submitted by one of the parties. The Supreme Court of Hawaii, construing rules similar to our Civ.P. Rules 52 and 63, held that the successor could not sign and file the decision. *Accord Whalen; Lopez v. Tavares*, 51 Hawaii 94, 141, 451 P.2d 804 (1969); *Welsh.*

Plaintiff relies on *Makah Indian Tribe v. Moore*, 93 F.Supp. 105 (W.D.Wash.1950). In that case the successor judge determined he had the power to sign a formal judgment in accordance with the announced decision of the deceased predecessor judge who heard the case. *Makah* is distinguishable from the case before us. In that case the trial judge announced his decision in an oral opinion containing the essential ultimate facts in dispute and the applicable law. The opinion was transcribed, copies distributed to counsel, and one copy placed in the court file. In the present case, the trial judge did not announce her decision. Further, as a result of the 1946 amendments, Fed.R.Civ.P. 52 permits an opinion or memorandum to stand instead of findings of fact and conclusions of law. New Mexico's Civ.P. Rule 52 does not allow for such. *Compare Makah with Ten-O-Win Amusement Co. v. Casino Theatre*, 2 F.R.D. 242 (N.D.Cal. 1942). *See* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 63.04 (1985).

■ Does the fact that Judge Steinmetz prepared the decision make any difference in the result we reach? We think not. It has long been the rule in this jurisdiction that oral statements do not constitute a decision by the trial court. *Peace Foundation, Inc. v. City of Alburquerque*, 76 N.M. 757, 418 P.2d 535 (1966). The trial court may change its mind. *State v. Diaz*, 100 N.M. 524, 673 P.2d 501 (1983), *cert. denied*, 469 U.S. 1016, 105 S.Ct. 429, 83 L.Ed.2d 356 (1984). The same can be said of a prepared but unsigned decision. The word "decision," as used in Civ.P. Rule 52(B)(1), means findings of fact and conclusions of law. *McCaffery; Trujillo v. Tanuz*, 85 N.M. 35, 508 P.2d 1332 (Ct.App. 1973). Here there was no decision, written, signed or entered, before the trial judge left the position. The successor judge had

no power to sign and enter a decision in this case.

Although the "rule" referred to by Judge Mowrer has not been called to our attention, we assume he meant a local court rule. Assuming the existence of such a rule, it would not change the result we reach. Rules by district courts must be consistent with the rules of the supreme court. NMSA 1978, Civ.P.R. 83 (Repl. Pamp.1980).

■ A new trial is the proper remedy. *Whalen; Ten-O-Win Amusement Co.; Lopez v. Tavares; Welsh.* Plaintiff argues for the reappointment of Judge Steinmetz to conclude the proceedings in the event this court holds Judge Mowrer lacked the power to do so. He relies on N.M. Const., art. VI, § 15, which permits the chief justice of the supreme court to designate "any retired New Mexico district judge, court of appeals judge or supreme court justice," with the designees' consent, to hear and dispose of a case as a district judge *pro tempore* in the event of the disqualification of any district judge or inability to dispose of the cause expeditiously. Without expressing any opinion as to whether that provision would apply here, this court has no authority to make a designation.

Defendant claims the trial court erred in failing to dismiss plaintiff's complaint for failure to name the insurance company as a party defendant, and in ordering defendant to pay medical bills when there was no evidence as to the reasonableness or necessity of those expenses, and the bills were not admitted into evidence. Since these matters are likely to arise again on retrial, we address them briefly.

Plaintiff sued only the defendant employer. The first report of accident showed defendant as self-insured. It had filed no certificate of insurance pursuant to NMSA 1978, Section 52–1–4 (Cum.Supp.1985). Defendant later filed a supplement to the accident report which it contends reflects coverage with The Insurance Company of the State of Pennsylvania. Relying on NMSA 1978, Section 52–1–32 and plaintiff's dealings with the insurance claims representatives, defendant claims the complaint should be dismissed. We disagree.

■ Whether or not the insurance company is a necessary or indispensable party to this action is subject to interpretation of the policy provisions. Therefore, if defendant believes joinder of the insurance company necessary in order to accord complete relief, or if the insurance company claims an interest in the subject matter of the litigation so as to be affected under NMSA 1978, Civ.P. Rule 19 (Repl.Pamp.1980), then they may apply for joinder or intervention. NMSA 1978, Civ.P.R. 24 (Repl.Pamp.1980). Having held itself as self-insured and filed its first report reflecting that status, defendant cannot force a dismissal of plaintiff's complaint based on its own actions or inactions and the uncertainty of coverage as applied to this case.

As we understand defendant's argument on the medical expense issue, plaintiff proved certain medical expenses as reasonably necessary under NMSA 1978, Section 52–1–49, but failed to prove by competent testimony the reasonableness or necessity of additional expenses incurred since the date of the first hearing, and failed to offer the supplemental bills into evidence.

At the December 11, 1984, continuation of the trial, plaintiff took the stand to "update" medical expenses incurred since the first date of the trial on August 21, 1984. He testified to numerous trips to three physicians and a physical therapist since August 21, and gave the total of the bills as of December 11. Plaintiff did not, however, offer into evidence the supplemental bills, although they were in evidence as of August 21.

Defendant objected to this proof on the basis that plaintiff was not competent to testify to either the reasonableness or the necessity of this additional medical expense.

Although decided after the briefs had been filed in this case, *DiMatteo v. The County of Dona Ana,* 24 SBB 1299 (Ct. App.1985), *cert. pending,* lends support to defendant's argument. In that case we

held plaintiff's testimony insufficient to sustain an award of medical expenses as to bills not introduced into evidence. We said that medical treatment for which payment is sought in a compensation case must be shown to be reasonably necessary. *Id.; Cardenas v. United Nuclear Homestake Partners,* 97 N.M. 46, 636 P.2d 317 (Ct. App.1981).

■ Therefore, on retrial, if plaintiff does not offer the supplemental medical bills or prove by competent proof they were reasonably necessary, these additional expenses cannot be allowed. It should be noted that proof of a bill from a doctor for services rendered is considered prima facie proof of its reasonableness. *Scott v. Transwestern Tankers, Inc.,* 73 N.M. 219, 387 P.2d 327 (1963).

But what about proof of necessity? Under the circumstances of this case, where plaintiff apparently proved the necessity of the medical expense incurred to August 21, we believe the rule of *Scott* should be extended so that proof of the supplemental bill should be considered as prima facie proof of its necessity if the supplemental bill reflects treatment and services for the same injury or condition reflected in the earlier bill. For example, plaintiff said he returned for physical therapy numerous times since August 21. If the supplemental bill reflects therapy to the same parts of the body as the previous bill admitted into evidence, then absent a showing of a new injury or complication unrelated to the accidental injury, the trial court should accept the supplemental bill as prima facie proof of a reasonable and necessary medical expense. To hold otherwise would mean that plaintiff, because of the piecemeal trial of his case, would have to go back and secure medical testimony in order to update his claim for medical expense. The Workmen's Compensation Act does not envision such technical requirements or the delay and additional expense that it would cause. *See* NMSA 1978, § 52–1–35(A) (Cum.Supp.1985). This does mean that defendant cannot challenge necessity; only that the bill itself, if it adequately reflects

treatment for the same injury or condition as shown in the earlier bill admitted into evidence, constitutes prima facie proof of necessity. It will be up to defendant to demonstrate otherwise.

The judgment entered is set aside and the cause is remanded for a new trial.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.