782 P.2d 85

**Charles H. LENZ, Plaintiff–Appellee,**

v.

**Chris CHALAMIDAS,
Defendant–Appellant.**

No. 17973.

Supreme Court of New Mexico.

Nov. 1, 1989.

Carl J. Schmidt, Albuquerque, for defendant-appellant.

Kemp, Smith, Duncan & Hammond, P.C., Mary Catherine McCulloch, John P. Eastham, Albuquerque, for plaintiff-appellee.

## OPINION

LARRABEE, Justice.

This is an appeal from a jury verdict in the amount of $13,364.82 in favor of plaintiff-appellee, Charles H. Lenz, and from the trial court's award of attorney fees to plaintiff in the amount of $26,268.03. We affirm the jury verdict and remand to the district court for findings of fact and conclusions of law on the issue of attorney fees awarded at trial.

Lenz, a general contractor, filed this lawsuit to recover damages resulting from the breach of an oral agreement and to foreclose on the residence of defendant-appellant, Chris Chalamidas, pursuant to a materialman's lien. Evidence in support of the jury verdict is as follows: Lenz and Chalamidas entered into an oral "cost-plus 15%" agreement for certain construction work on Chalamidas' residence. The work began on August 1, 1986, and was completed December 20, 1986. Progress payments in the amount of $14,264.16 were made by Chalamidas. Upon completion, plaintiff submitted a final bill in the amount of $13,364.82, which was not paid after demand was made by plaintiff. Lenz recorded a second amended claim of lien on January 19, 1987, in the amount of $13,364.82 plus costs and attorney fees.

During cross-examination of Chalamidas, plaintiff introduced into evidence, over defendant's objection, two prior criminal convictions for commercial gambling. The first conviction was a guilty plea entered on December 4, 1981, and the second a guilty plea entered on January 28, 1982. In ruling the evidence admissible, the trial court stated:

[I]t seems to me that his testimony * * * wasn't as believable as I thought it really should be. [Defendant] made some statements to the effect that he had never heard of the term "cost plus." That seems highly improbable. He made— commented he had never heard of getting a "ball park" figure. That's a rather common term that almost anybody in our society, I think, has heard of.

He also indicated to the jury lack of knowledge about construction contracts and construction work, and yet, in the same breath, he tells of having owned 10 homes that he has remodeled and sold. And it seems highly improbable that he was being completely honest and forthright in his testimony, and, therefore, you felt if this case comes down to an issue as to the credibility of Mr. Lenz, that it would be important for the Jury then to appreciate the character of the Defendant.

Thereafter the jury returned a verdict for plaintiff. On July 29, 1988, a hearing was held on plaintiff's motion for attorney fees. The trial court awarded plaintiff attorney fees in the amount of $26,268.03, prejudgment interest of $2,583.51 and costs of $681.13.

On appeal, Chalamidas argues (1) the district court erred in admitting evidence in a civil contract case on defendant's prior criminal gambling convictions; and (2) the court abused its discretion in awarding exorbitant and excessive attorney fees in an amount double the jury verdict.

1. *Admissibility of Prior Convictions in a Civil Case*

Defendant claims the prior conviction evidence is inadmissible under Evidence Rule 404, SCRA 1986, 11–404; Rule 609, SCRA 1986, 11–609; and Rule 403, SCRA 1986, 11–403. We need not address defendant's

argument that evidence of a person's prior criminal record under Rule 404 is inadmissible to prove the character of a person or that a person acted in conformity with such character, because the trial court ruled the prior convictions admissible under Rule 609 to impeach the credibility of Chalamidas, and not under Rule 404.

▮ Rule 609 provides for the admission of prior criminal convictions for the purpose of attacking the credibility of a witness, but with certain express limitations. A trial court must admit evidence of the conviction of a crime if the crime was (1) punishable by imprisonment in excess of one year and the court determines the probative value of admitting this evidence outweighs the prejudicial effect to the defendant, or (2) an offense, felony or misdemeanor, involving dishonesty or false statement.[1] *State v. Lucero*, 98 N.M. 311, 313, 648 P.2d 350, 352 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982). The charges of commercial gambling to which Chalamidas pled guilty in 1981 and 1982 carry the potential imprisonment in excess of one year, thus implicating subparagraph (A)(1) of Rule 609.

It is unclear from the case law in New Mexico whether the balancing provision of subsection (A)(1), applicable in criminal cases, was intended to apply to evidence of prior convictions for purposes of impeachment in civil cases. It is the phrase "to the defendant" that is ambiguous with respect to its applicability in civil cases. A literal reading of the rule allows a defendant in a civil case, but not a plaintiff, to complain about the use of his or her criminal record to impeach.

▮ New Mexico's rule of evidence, Rule 609(A)(1) and (2), is essentially identical to Federal Rule of Evidence 609(a)(1) and (2). The Supreme Court has addressed this controversy in *Green v. Bock Laundry Mach.*

*Co.*, —— U.S. ——, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989). The Court stated in *Green* that a literal interpretation of the rule "that would deny a civil plaintiff the same right to impeach an adversary's testimony that it grants to a civil defendant" is unacceptable and therefore the rule cannot mean what it appears to say as far as civil trials are concerned. After an exhaustive review of the legislative history of the rule, the Court concluded the ambiguity therein was a result of legislative oversight by an almost exclusive focus on criminal trials and criminal defendants when Congress drafted the rule. *See id.* at ——, 109 S.Ct. at 1990–92. That history, leading to the enactment of the rule as law, established that Congress intended only the defendant in a criminal case should be protected from unfair prejudice by the balancing requirement set out in Rule 609(a)(1). *Id.* at ——, 109 S.Ct. at 1992. Accordingly, the Court reasoned, in order to comport with the language, background and legislative history of the rule, the only witness who may demand a balancing of the prejudicial value of a prior conviction against its probative effect is the defendant in a criminal trial. *Id.* Thus, the Court held a judge must "permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." *Id.* at ——, 109 S.Ct. at 1993. We are persuaded by the reasoning of the Supreme Court and conclude that the balancing provision in Rule 609 subparagraph (A)(1) should not apply to civil cases in New Mexico.

▮Another area of controversy with respect to prior conviction impeachment evidence in civil cases, also addressed in *Green*, focuses on the interrelationship between Rule 609 and Rule 403 and whether Rule 609 preempts Rule 403. Federal Rule

---

1. SCRA 1986, 11–609 reads:

**A. General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime

(1) was punishable by death or imprisonment in excess of one (1) year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or

(2) involved dishonesty or false statement, regardless of the punishment.

of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."[2] Rule 403 is less restrictive than Rule 609. Evidence may be excluded under Rule 403 only if its probative value is *substantially* outweighed by its prejudicial effect. Moreover, a comparison of the wording of the two rules shows the burden of persuasion differs under them. A party opposing the use of evidence under Rule 403 has the burden of persuading the trial judge to exclude the evidence, whereas under Rule 609 the party seeking the use the evidence has the burden of persuasion.

Several federal courts have used Rule 403 to weigh prejudice and probativeness of impeaching testimony in civil cases to exclude relevant evidence that may be substantially prejudicial to a party. *Donald v. Wilson,* 847 F.2d 1191 (6th Cir.1988); *Shows v. M/V Red Eagle,* 695 F.2d 114 (5th Cir.1983); *Tussel v. Witco Chem. Corp.,* 555 F.Supp. 979 (W.D.Pa.1983). These courts construe Rule 403 as an overriding provision that cuts across the rules of evidence to afford the trial judge a modicum of discretion to exclude a civil witness' unduly prejudicial felony conviction.

In *Green,* the Court concluded that since it is clear that Rule 403 does not modify the mandatory provisions of Rule 609(A)(2) involving crimes of dishonesty or false statement, it strains logic to view Rule 403 as modifying one subsection of Rule 609(A)(1), a specific subsection containing its own balancing provision, but not as modifying the other subsection. *Green,* — U.S. at —, 109 S.Ct. at 1992–93.

Rule 609(a) states that impeaching convictions evidence "shall be admitted." With regard to subpart (2), which governs impeachment by [crimes of dishonesty or false statement] it is widely agreed that this imperative coupled with the absence of any balancing language, bars exercise of judicial discretion pursu-

ant to Rule 403. Subpart (1), concerning felonies, is subject to the same mandatory language; accordingly, Rule 403 balancing should not pertain to this subsection either.

*Id.* at —, 109 S.Ct. at 1993 (footnotes omitted); *accord Campbell v. Geer,* 831 F.2d 700, 705 (7th Cir.1987) (Rule 403 "was not meant to overlap, supplant, or contradict the policy premises of, more specific rules, such as Rule 609."). In other words, the discretion afforded by Rule 403 does not apply because Rule 609(a)(1) specifically addresses circumstances under which judicial discretion is permitted. The Court thus held that "Rule 609(a)(1)'s exclusion of civil witnesses from its weighing language is a specific command that impeachment of such witnesses be admitted, which overrides a judge's general discretionary authority under Rule 403. *Green,* — U.S. at —, 109 S.Ct. at 1993.

Research of New Mexico cases reveals one civil case dealing with evidence of prior convictions for attacking credibility, *Jaramillo v. Fisher Controls Co.,* 102 N.M. 614, 698 P.2d 887 (Ct.App.), *cert. denied,* 102 N.M. 613, 698 P.2d 886 (1985). On cross-examination in *Jaramillo,* plaintiff admitted he had pled guilty to shoplifting, a crime involving dishonesty. The evidence was allowed under Rule 609(A)(2). In affirming the trial court, the appellate court stated the evidence was "proper for the purpose of attacking the credibility of [defendant]," and a conviction of this type of crime bears on credibility. *Id.* at 622, 698 P.2d at 895. Plaintiff also challenged the prior conviction evidence under Rule 403 claiming "the probative nature of the conviction was outweighed by its prejudicial impact." *Id.* Following a brief analysis, the court said there was no abuse of discretion by the trial court to require exclusion of the evidence under Rule 403. *Id.* at 623, 698 P.2d at 896.

A case that is more insightful on whether Rule 609 preempts Rule 403 is *State v. Day,* 91 N.M. 570, 577 P.2d 878 (Ct.App.), *cert. denied,* 91 N.M. 491, 576 P.2d 297 (1978). Although a criminal case, *Day* dis-

**2.** New Mexico's rule of evidence, SCRA 1986, 11–403, is identical.

cusses generally the interrelationship of Rules 403 and 609. After examining Rule 609(A) as originally adopted in 1973, which lacked the specific balancing requirement in subparagraph (A)(1), the court stated that "Evidence Rule 403 gave the trial court discretion to exclude evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.'" *Id.* at 574, 577 P.2d at 882. The court thus reasoned Rule 403 was always applicable in deciding on the admissibility of evidence relevant to impeachment. "Evidence admissible under Evidence Rule 609 was subject to exclusion by the trial court under Evidence Rule 403." *Id.*

In 1976 Rule 609 was amended to include the specific reference to a balancing requirement in (A)(1), which conformed the New Mexico rule to the federal evidence rule. *Id.* at 574–75, 577 P.2d at 882–83. The court concluded that Rule 403, which applies to the admission of all evidence, continued to apply to impeachment evidence even with the amendment of Rule 609(A). *Id.* at 576, 577 P.2d at 884. In so concluding, the court opined:

In resolving the interrelationship of Evidence Rules 403 and 609, the intent of Congress in adopting the federal rules of evidence is not controlling. New Mexico adopted rules of evidence before Congress approved the federal rules. In addition, the variations between the New Mexico and federal rules prevent us from stating that the federal intent was New Mexico's intent.

In our opinion, New Mexico's intent is ascertained by considering *two* New Mexico evidentiary rules.

Our rule, a general one, was that the trial court had discretion in the admission or exclusion of evidence. * * * [T]his general rule is not limited to criminal cases; it applies to any type of case, and all forms of evidence. This general rule of evidence is reflected in Evidence Rule 403.

A second rule, which is a specific application of the general rule, applies to the cross-examination of a witness concerning prior convictions * * *. This specific application [the balancing provision] was included by the amendment to Evidence Rule (a)(1).

The amendment which brought the pre-existing specific rule into the rules of evidence cannot be considered as removing the applicability of the general rule [which] has been reaffirmed subsequent to adoption of the amendment. [Emphasis in original.]

*Id.* at 575–76, 577 P.2d at 883–84 (citations omitted).

■ It is clear from *Day* that the balancing provision of Rule 403 continues to apply to Rule 609(A)(2). Since we have stated that, based on *Green*, the specific balancing provision in 609(A)(1) is applicable to criminal but not civil cases, we hold that 609(A)(1) evidence is always subject to possible exclusion under Rule 403. We agree with the position espoused in *Day* and decline to follow *Green* on Rule 403.

■ Employing these principles in the present case, we conclude the prior convictions for purposes of attacking defendant's credibility were admissible. Commercial gambling is a crime punishable by imprisonment in excess of one year. Notwithstanding the admissibility of the prior convictions under Rule 609(A)(1), we must next determine whether the evidence is subject to exclusion under Rule 403. At the appellate level the only question we decide is whether the trial court abused its discretion in permitting this evidence. *Jaramillo*, 102 N.M. at 622, 698 P.2d at 895; *Lucero*, 98 N.M. at 314, 648 P.2d at 353. Abuse of discretion is defined "as a ruling clearly against the logic and effect of the facts and circumstances before the court." *Lucero*, 98 N.M. at 314, 648 P.2d at 353. Credibility of the parties was a key issue in this case. The trial court weighed the probative value of the evidence against its prejudicial effect and determined the evidence should not be excluded. There was no abuse of discretion.

### 2. *Attorney Fees*

The issue raised by defendant is that the trial court abused its discretion in awarding

attorney fees approximately double the amount of the jury verdict.

It is well-settled that, absent statutory authority or rule of court, attorney fees are not recoverable as an item of damages. *Hiatt v. Keil*, 106 N.M. 3, 4, 738 P.2d 121, 122 (1987); *Riggs v. Gardikas*, 78 N.M. 5, 8, 427 P.2d 890, 893 (1967). The attorney's fee section of the legislation on materialmen's liens, NMSA 1978, Section 48–2–14 (Repl.Pamp.1987), provides that the court may allow a reasonable attorney's fee in an action to enforce the liens in the trial and appellate courts. Under this statute, the allowance of attorney fees is discretionary, but the exercise of that discretion must be reasonable when measured against objective standards and criteria. *Ulibarri v. Gee*, 106 N.M. 637, 639, 748 P.2d 10, 12 (1987). "The award of an attorney's fee, like the award of other costs of litigation, is not the same question as the determination of reasonableness of a fee as between the attorney and client * * *." *Id.* Factors that have been considered in determining the reasonableness of attorney fees as between attorney and client include: (1) the time and labor required—the novelty and difficulty of the questions involved and skill required; (2) the fee customarily charged in the locality for similar services; (3) the amount involved and the results obtained; (4) the time limitations imposed by the client or by the circumstances; and (5) the experience, reputation and ability of the lawyer or lawyers performing the services. *Thompson Drilling, Inc. v. Romig*, 105 N.M. 701, 705, 736 P.2d 979, 983 (1987); *see also* SCRA 1986, 16–105 (Repl.Pamp. 1988). We have also stated that time spent and quality of representation are not always dispositive of the amount of attorney fees to be awarded in the successful enforcement of liens. *Ulibarri*, 106 N.M. at 639, 748 P.2d at 12 (net cost to a plaintiff in enforcing a lien that is questionable in merit should be more than where the defense is frivolous); *Fryar v. Johnsen*, 93 N.M. 485, 487, 601 P.2d 718, 720 (1979). For example, when the plaintiff has sued for a small sum clearly owed, then a higher percentage of the award may be reasonable as an attorney's fee. When the sum is large and the defense is meritorious, then a smaller percentage may be reasonable. *Ulibarri*, 106 N.M. at 639, 748 P.2d at 12.

Under Section 48–2–14, the trial court permits recovery of a "reasonable attorney's fee" by the plaintiff-materialman from the owner. The reasonableness of the fee must be closely scrutinized if the amount is based on the defense of counterclaims and other questions collateral to the enforcement of the lien. *Id.*; *see Hiatt*, 106 N.M. at 4, 738 P.2d at 122.

In setting attorney fee awards, a trial court must make findings of fact on those factors on which the parties have presented evidence. *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 339, 695 P.2d 483, 489 (1985). Without findings of fact and conclusions of law, this court cannot properly perform its reviewing function. *Fryar*, 93 N.M. at 488, 601 P.2d at 721.

In the present case at the hearing on attorney fees, plaintiff's counsel submitted an affidavit and was questioned by defense counsel on the reasonableness of the fees. Defense counsel argues that this case does not involve novel or difficult issues, does not vindicate any important public policy and does not advance any legal principle of pervasive applicability to entitle plaintiff's counsel to a strict percentage fee. Instead, defendant maintains the affidavit is replete with documentation of only a few pleadings prepared, which were amended and edited on numerous occasions; is replete with memoranda done and redone, conferences held again and again; shows trial preparation of 109.5 hours for a fourteen-hour trial; and even seeks reimbursement for mileage from counsel's office two blocks away. Plaintiff's counsel claims that at the hearing defendant had a full opportunity to cross-examine; plaintiff was billed for the time spent on the case based on the firm's hourly rates; defendant had set forth six counterclaims in his answer, which were not dropped until the morning of trial; and the fees charged were reasonable in light of the difficulty of proving the case. The trial court concluded the case was difficult because the veracity of the

two parties involved was crucial. Further, the trial judge stated, "the law is very clear in materialmen's and mechanic's lien type cases, that costs and attorney fees are to be recovered in a case where you are successful, over and above the actual amount of damage principle."

For purposes of an appeal, defense counsel requested the court make findings of fact. In declining to do so, the court said: "Findings of fact and conclusions of law are inappropriate in a jury trial. The jury found the facts and the law is contained in the judgment."

 In light of the trial court's failure to make findings of fact and conclusions of law, we must determine if we can properly review the award without such findings or conclusions. While we are mindful that judicial economy is an important goal, especially because of the increase in litigation and appeals of attorney fees, we are hesitant to pick an arbitrary fee without findings and conclusions. Notwithstanding the trial judge's recent departure from the bench, we prefer to remand this case to the trial court to make these findings. We note that the time billed by plaintiff's attorney is not necessarily determinative of the reasonable amount of an award of attorney fees as costs. Moreover, the reasonableness of the fee awarded in this case must be closely scrutinized if based on the defense of the counterclaims. In *Ulibarri*, the award of over $30,000 in attorney fees was not substantiated by the evidence, but the evidence in the record did substantiate the reduced award of $10,000, which we did allow. Unlike *Ulibarri*, the record in the present case is insufficient for us to make the determination without findings and conclusions.

We affirm the jury verdict and remand the case to the district court for a rehearing based on the foregoing considerations. In light of SCRA 1986, 1–063, this rehearing will be a new trial on the issue of the amount of attorney fees to be awarded. *See Pritchard v. Halliburton*, 104 N.M. 102, 717 P.2d 78 (Ct.App.), *cert. denied*, 103 N.M. 798, 715 P.2d 7186216137 (1986). The

parties will bear their own costs for this appeal.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.