821 P.2d 355

**Charles H. LENZ, Plaintiff–Appellee,**

v.

**Chris CHALAMIDAS, Defendant–Appellant.**

**No. 19625.**

Supreme Court of New Mexico.

Dec. 3, 1991.

Carl Schmidt, Albuquerque, for defendant-appellant.

Kemp, Smith, Duncan & Hammond, John P. Eastham, Alan Hall, Albuquerque, for plaintiff-appellee.

18

## OPINION

FRANCHINI, Justice.

This appeal calls on us to consider once again the trial court's award of attorney fees pursuant to NMSA 1978, Section 48–2–14 (Repl.Pamp.1987). The original action underlying this appeal was for foreclosure on a residence pursuant to a materialmen's lien. The plaintiff, contractor Lenz, prevailed and was awarded damages of $13,-364.82 and attorney fees in the amount of $26,268.03. We considered that initial award of attorney fees in *Lenz v. Chalamidas*, 109 N.M. 113, 782 P.2d 85 (1989) (*Lenz I*), and found it necessary to remand for a new trial on attorney fees in light of the trial court's failure to make findings of fact and conclusions of law regarding fees. *Id.* at 119, 782 P.2d at 91. We now consider the result of the remand proceedings in which the trial court reduced the original fee award to $15,116.00; awarded $1,000.00 for fees incurred following the jury verdict for services related to foreclosure, setting an appeal bond, and prior attorney fee hearings; and awarded an additional $1,500.00 for the remand proceedings, for a total award of $17,616.00. We reverse.

■ Chalamidas again argues that the trial court abused its discretion in awarding attorney fees. Award of attorney fees rests in the discretion of the trial court and this court will not alter the fee award absent an abuse of discretion. *Montgomery v. Karavas*, 45 N.M. 287, 114 P.2d 776 (1941). Section 48–2–14 empowers the court to award *reasonable* attorney fees in the district and supreme courts in actions to enforce mechanics' and materialmen's liens. "Under this statute, the allowance of attorney fees is discretionary, but the exercise of that discretion must be reasonable when measured against objective standards and criteria." *Lenz I*, 109 N.M. at 118, 782 P.2d at 90. *Lenz I* formulates the factors and criteria to be considered in ar-

riving at a reasonable award of attorney fees under Section 48–2–14, including the five factors that have been utilized to determine the reasonableness of attorney fees between client and attorney.[1] While these five factors provide guidance in arriving at a fee under Section 48–2–14, we again stress the proposition that the award of attorney fees is a question distinct from the determination of a fee between an attorney and client. Application of these factors, together with the other considerations articulated in *Lenz I*, is not a rigid, mechanical process, and the weight accorded each factor will vary from case to case. We also emphasize that in the context of lien litigation, this court has declined "to adopt time spent and quality of representation as determinative criteria in the allowance of attorney fees as costs in the successful enforcement of liens." *Ulibarri v. Gee*, 106 N.M. 637, 639, 748 P.2d 10, 12 (1987).

■ In the remand proceedings, the trial court received exhibits prepared by the plaintiff's attorney that included time logs and summaries of those logs. Based on hourly billings, the total attorney fees requested were $24,295.00. The trial court determined its award by identifying questionable portions of the hourly billings and reducing the total fee requested accordingly. While the trial court refers to the other factors delineated in *Lenz I*, its method of determining fees is susceptible to being based on inflated hourly billings and in any event relies on time spent as the determinative criteria for the award. Allowing time spent to be the pervasive factor in awarding attorney fees is apt to result in rewarding waste of time and resources. While we realize that compensation based on hourly rates is often a necessary factor in determining attorney fees, time spent is not always synonymous with the amount of time reasonably required to provide servic-

1. "Factors that have been considered in determining the reasonableness of attorney fees as between attorney and client include: (1) the time and labor required—the novelty and difficulty of the questions involved and skill required; (2) the fee customarily charged in the locality for similar services; (3) the amount involved and the results obtained; (4) the time limitations imposed by the client or by the circumstances; and (5) the experience, reputation and ability of the lawyer or lawyers performing the services." *Lenz I*, 109 N.M. at 118, 782 P.2d at 90.

es for which compensation is to be afforded. Rather than rely on time spent, the district court should determine the time reasonably necessary to provide the services required in a particular case, apply the remaining factors articulated in *Lenz I,* and ultimately arrive at a reasonable fee. The trial court's emphasis on time spent in determining the fee at issue here resulted in an excessive award and constitutes an abuse of discretion.

 We are mindful that the job of determining what constitutes a reasonable fee belongs to the trial court and prefer to remand these matters for the trial court to make that determination as we did in *Lenz I.* However, we now have a more fully developed record before us, and in the interest of judicial economy deem it prudent to settle this matter. "The allowance of a particular fee may be reduced if it is determined to be unreasonable or excessive." *Thompson Drilling, Inc. v. Romig,* 105 N.M. 701, 706, 736 P.2d 979, 984 (1987).

The record reveals relatively straightforward proceedings below. Pleadings were uncomplicated and there was minimal motion practice. The facts were controverted but the applicable law was well settled. The only novel or difficult issue litigated was the admission of evidence of defendant's prior criminal gambling convictions as an attack on his credibility. Plaintiff's lead attorney had not previously litigated a lien foreclosure action and was trying her first case to a jury. However, there is evidence of her good reputation in the community and skill as an attorney. While her hourly fee was not inappropriate, her inexperience before a jury and in this type of action may well have required greater expenditures of time than would be reasonably required and for which compensation should be afforded. Under these circumstances, we conclude an attorney fee award of $8,000.00 for all proceedings in this matter is reasonable. Interest on this award will accrue from the date of the original judgment. *Ulibarri v. Gee,* 107 N.M. 768, 764 P.2d 1326 (1988) (*Ulibarri II*).

Accordingly, we reverse the district court's award of attorney fees and remand for entry of a judgment consistent with this opinion. The parties will bear their own costs on appeal.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.