This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SOPURKH KAUR KHALSA,**
**SHAKTI PARWHA KAUR KHALSA, and**
**EK ONG KAR KAUR KHALSA,**
**Trustees of the Yogi Bhajan Administrative**
**Trust,**

Plaintiffs-Appellees,

v.                                                                   **No. 33,622**

**INDERJIT KAUR PURI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Modrall, Sperling, Roehl,
Harris & Sisk, P.A.
R. E. Thompson
Emil J. Kiene
Albuquerque, NM

The Soni Law Firm
Surjit P. Soni
Pasadena, CA

for Appellant

Law Office of Philip B. Davis
Philip B. Davis
Albuquerque, NM

Sanders & Westbrook, PC
Maureen A. Sanders
Albuquerque, NM

Wray & Girard, PC
Jane Katherine Girard
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Defendant Inderjit Kaur Puri (Bibiji) appeals the district court's order awarding attorney fees to Plaintiffs, the Trustees of the Yogi Bhajan Administrative Trust. Bibiji argues on appeal that: (1) the district court erred by awarding attorney fees to the Trustees; (2) the fees awarded were unreasonable; (3) the district court erred in considering new arguments and evidence in the Trustees' reply brief in support of their motion for attorney fees; and (4) the district court erred in not awarding Bibiji attorney fees for the claims in which she prevailed. Because we concluded in our previous opinion in this case that the district court properly determined that attorney fees were warranted, we do not consider Bibiji's first contention. In regard to Bibiji's remaining contentions, we conclude that Bibiji failed to establish that the district court abused its discretion on any of these points. Accordingly, we affirm.

{2}     Because this is a memorandum opinion and the parties are familiar with the

facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**The District Court Properly Awarded Attorney Fees to the Trustees**

{3} Bibiji argues that the district court erred in concluding that the Trustees were entitled to attorney fees. Bibiji argues that (1) the Trustees waived their right to attorney fees by failing to seek such fees in their pleadings, (2) neither justice nor equity warranted an award of attorney fees, (3) the Trustees were not the prevailing parties, (4) the district court denied Bibiji due process by not allowing briefing on whether the Trustees were entitled to attorney fees, and (5) any attorney fees awarded to the Trustees should be paid out of the trust.

{4} We specifically addressed the first four of these issues in our previous opinion in this case. *See Khalsa v. Puri*, 2015-NMCA ___, ¶ 71, 74, ___ P.3d ___ (No. 32,600, Nov. 19, 2014). In that opinion, we rejected Bibiji's arguments that the Trustees waived their claim for attorney fees or that Bibiji was denied the opportunity to brief the issue. *Id.* ¶ 73. We further concluded that, although it may be said that both parties prevailed on certain issues, the award of attorney fees in such situations is still within the discretion of the district court. *Id.* ¶ 74. Finally, we concluded that "[g]iven the many years of litigation over issues on which Bibiji failed to present any direct evidence to support her claims and in light of the Trustees' overall success in

defending these claims," the district court did not abuse its discretion in concluding that justice and equity entitled the Trustees to reasonable attorney fees. *Id.* Being satisfied that we reached the correct result, we decline to revisit these issues and, indeed, believe it would be improper to do so. *Alba v. Hayden*, 2010-NMCA-037, ¶ 7, 148 N.M. 465, 237 P.3d 767 ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent in successive stages of the same litigation." (internal quotation marks and citation omitted)).

{5}     As for Bibiji's remaining issue, the determination of whether an award of attorney fees under Section 46A-10-1004 is paid by a party or from the trust is discretionary. NMSA 1978, § 46A-10-1004 (2003) ("In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award . . . reasonable attorney fees . . . to be paid by another party or from the trust[.]"). Bibiji argues that the attorney fees award should be paid from the trust but makes no argument as to why the district court abused its discretion in ordering her to pay the award. Accordingly, we find no abuse of discretion and affirm the district court on this point.

**The Attorney Fee Award was Reasonable**

{6}     Bibiji argues that the Trustees failed to establish that the fees awarded were reasonable and necessary. Specifically, Bibiji argues that the fee award reflects

4

charges for services unrelated to the defense of Bibiji's counterclaim, fees for multiple attorneys attending depositions and hearings contrary to the district court's interim order, unreasonable amounts of time spent on tasks, and the use of legal professionals for clerical and courier work.

{7}     We review the reasonableness of a district court's award of attorney fees for abuse of discretion. *Lebeck v. Lebeck*, 1994-NMCA-103, ¶ 27, 118 N.M. 367, 881 P.2d 727. Although the allowance of attorney fees is discretionary, "the exercise of that discretion must be reasonable when measured against objective standards and criteria." *Lenz v. Chalamidas*, 1989-NMSC-067, ¶ 19, 109 N.M. 113, 782 P.2d 85. Useful factors in such a determination are those utilized under the Rules of Professional Conduct for determining whether a fee is reasonable between an attorney and his or her client. *Id.* These factors include:

> (1) the time and labor required—the novelty and difficulty of the questions involved and skill required; (2) the fee customarily charged in the locality for similar services; (3) the amount involved and the results obtained; (4) the time limitations imposed by the client or by the circumstances; and (5) the experience, reputation and ability of the lawyer or lawyers performing the services.

*Id.*

{8}     We first provide some procedural context for Bibiji's arguments. Following the district court's conclusion that the Trustees were entitled to attorney fees, the parties submitted briefing and documentation for what fees they respectively felt were

warranted or unwarranted. Because of the complexity and length of this litigation, the documentation and objections regarding certain charges were quite extensive. The district court therefore entered an interim order directing the parties to revise their submissions in light of certain parameters set by the district court. The district court stated that "[o]nly fees related solely to the defense of the counterclaims" would be granted, and fees for multiple attorneys at various proceedings would generally be denied. The parties then resubmitted their respective fee requests and objections. The district court reviewed this new material, further reduced the award for charges inconsistent with its interim order, and issued a final fee award.

{9}     Bibiji's contentions on appeal largely follow a certain framework. Bibiji first quotes a specific provision of the district court's interim order, such as "[t]he district court explicitly ordered that 'only fees solely related to the defense of the [c]ounterclaims are granted.' " Bibiji then argues that the fee award included charges contrary to the respective provision of the district court's interim order. The argument is generally supported by citation to the revised objections Bibiji filed below; however, in some instances, Bibiji does mention certain billing charges as examples of the improper charges submitted by the Trustees.

{10}     We take two issues with Bibiji's briefing, which prevent us from properly reviewing these contentions. First, to the extent that Bibiji expects this Court to comb

6

through the multitude of objections found in her spreadsheets in order to independently justify the district court's decision on each objection, we emphasize that is not our responsibility. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (emphasizing that this Court has no duty to review an argument that is not adequately developed). It is patently insufficient to cite to large portions of the record to support a generalized argument in the hope that this Court will construct an argument on the proponent's behalf.

{11}    Second, even if we were to undertake such a task, it is virtually impossible for this Court to determine whether these specific charges were even included in the fee award, much less determine if their inclusion was an abuse of discretion. The district court stated in its interim order that it would not award fees for services unrelated to the defense of the counterclaim or for instances in which multiple attorneys attended certain proceedings. In the final order, the district court further reduced the award for fees inconsistent with its interim order. For instance, the district court disallowed $47,380.50 in fees billed by the Sutin firm because the fees requested were unrelated to the defense of the counterclaim. Similarly, the district court disallowed an additional $259 in fees from the Wray & Girard firm for the same reason. The district court's order does not reflect a line item ruling on Bibiji's objections, and we therefore have no way of determining whether the specific objections Bibiji mentions were

7

taken into account in reducing the award. Arguments that merely highlight the general nature of Bibiji's objections to certain billing charges provide little assistance to us. Moreover, the district court is in a better position than this Court to determine whether certain fees it ultimately awarded were consistent with its interim order. Accordingly, Bibiji has failed to affirmatively show that the district court abused its discretion in calculating the fee award.

**{12}** We reject Bibiji's remaining arguments for two additional reasons. First, Bibiji cites no authority supporting her view that the Trustees' voluntary ten percent reduction in all fees, as opposed to the twenty percent reduction requested by Bibiji, was insufficient to address fees for allegedly unreasonable time spent on tasks. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329, (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Second, Bibiji's contention that the fee award reflects charges by attorneys billing for clerical work at their regular hourly rate is unsupported by the evidence cited to this Court. The exhibit cited by Bibiji to support this contention shows 17.8 hours spent by attorneys on purportedly non-legal tasks but does not show at what rate these hours were charged. In contrast, the Trustees cite to Katherine Wray's affidavit, which lists at least nine instances where charges for these types of activities were either "no-charge" or billed at half of Wray's normal hourly rate.

Based on the limited evidence cited to this Court on this point, Bibiji failed to establish that the district court abused its discretion in the event it awarded fees for these tasks. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**The District Court Did Not Err in Considering Documents Provided in the Trustees' Reply Brief**

{13}    Bibiji argues that the district court allowed the Trustees to "sandbag" her by initially filing a generic motion for attorney fees and then waiting until their reply brief to provide specifics supporting the motion. Bibiji raised this argument below in a motion to strike affidavits attached to the Trustees' reply brief. The district court's ruling on this motion provided extensive discussion of Bibiji's answer brief and how the arguments and documents attached to the Trustees' reply brief directly responded to Bibiji's answer brief. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 6 (stating that, in general, arguments raised for the first time in reply briefs will not be considered unless they are in response to arguments or authorities presented in the answer brief). On appeal, Bibiji provides no argument or citation to the record explaining why the arguments and evidence reviewed in the district court's order do not directly relate to issues raised in her answer brief. Accordingly, we conclude that she failed to establish that the district court abused its

9

discretion in considering the argument and evidentiary support in the Trustees' reply brief.

**Bibiji's Request for Attorney Fees**

**{14}** Bibiji argues that the district court erred by not awarding her attorney fees for prevailing on the claims asserted by the Trustees. We conclude that there is no merit to this contention.

**{15}** Bibiji did not file a motion or request a finding that she was entitled to attorney fees. Instead, in her revised objections to the Trustees' fee declarations, filed nearly fourteen months after the district court entered its judgment, Bibiji stated in a footnote:

> While this Court ultimately decided Bibiji's claims after trial and awarded fees to the Trustees as prevailing parties on Bibiji's claims, it did not appear to have considered Bibiji's fees on her successful defense against the Trustees' claims. Bibiji respectfully requests leave to submit her fee request as prevailing party on the Trustees' claims.

While the district court did not explicitly rule on Bibiji's request for leave to submit a request for attorney fees, we presume the district denied this request. *Cf. Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought."). Given the delay, we conclude that the district court did not abuse its discretion in

10

denying Bibiji the opportunity to seek attorney fees. Putting aside the fact that Bibiji buried this request in a footnote, the request came long after judgment was entered in the case and at the tail-end of the twelve-month-long fee dispute that followed. It was properly in the district court's discretion to disregard such an untimely request. *Cf.* Rule 1-054(E)(2) NMRA ("Unless otherwise provided by statute or order of the court, [a motion for attorney fees] must be filed and served no later than fifteen (15) days after entry of judgment[.]").

**Trustees' Request for Attorney Fees on Appeal**

{16}     The Trustees request that they be awarded attorney fees and costs incurred in the defense of this appeal. Rule 12-403(B)(3) NMRA provides for the grant of "reasonable attorney fees for services rendered on appeal in causes where the award of attorney fees is permitted by law[.]" Because the statute underlying the cause of action in this case provided for the award of attorney fees and the Trustees are the prevailing party on every issue, they are entitled to their appellate fees and costs. *See Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 29, 287 P.3d 318. On remand, the district court shall determine the appropriate amount of appellate attorney fees and costs to be awarded to the Trustees.

**CONCLUSION**

{17}     For the foregoing reasons, we affirm the district court's order.

11

{18}     **IT IS SO ORDERED.**

_____
                                        **CYNTHIA A. FRY, Judge**

**WE DO CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**

12