866 P.2d 1167 (1994)
116 N.M. 700
In the Matter of Winston ROBERTS-HOHL, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.
No. 21724.
Supreme Court of New Mexico.
January 6, 1994.
*1168 Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for disciplinary Bd.
Winston Roberts-Hohl, pro se.

DISCIPLINARY PROCEEDING

OPINION
PER CURIAM.
This matter is before the Court following disciplinary proceedings conducted pursuant to the Rules of Governing Discipline, SCRA 1986, 17-101 through 17-306 (Repl.Pamp. 1991 & Cum.Supp. 1993), wherein the disciplinary board recommended that attorney Winston Roberts-Hohl be suspended from practice for a period of at least six (6) months and then reinstated on a probationary period under certain conditions for an additional twelve (12) months. For reasons set forth below, we adopt the board's recommendation with certain modifications.
A specification of charges was filed against Roberts-Hohl on March 4, 1993. In the charges it was alleged that, in October 1989, Carroll D. Esry (hereinafter "Esry") and Jimmy Schaefer (hereinafter "Schaefer") had retained Roberts-Hohl to file a claim with the United States Claims Court for a refund of taxes that they believed had been wrongfully assessed against them. Esry and Schaefer paid Roberts-Hohl a fee of $5,000 for this representation, and it was agreed that if the case were resolved quickly he would charge them $75.00 per hour for time invested and refund the balance of the retainer. On January 22, 1990, Roberts-Hohl filed a complaint for refund on behalf of Esry and Schaefer and sent a copy of the complaint to his clients.
On March 23, 1990, the Assistant United States Attorney (hereinafter "AUSA") requested and received an enlargement of time within which to file an answer and, on May 21, 1990, requested a second enlargement of time. Both of these requests were because Internal Revenue Service personnel were having difficulty locating and transmitting to the Department of Justice the files necessary for them to frame a response. A third enlargement of time was requested in June 1990. The basis for this request was that a review of files received from the Internal Revenue Service led Department of Justice attorneys to question whether the court had subject matter jurisdiction and that plaintiffs' attorney (Roberts-Hohl) agreed that an effort to resolve the jurisdictional issue by way of interrogatories and document requests to the plaintiffs would be an appropriate and more efficient course of action.
Interrogatories and a request for production of documents were sent to Roberts-Hohl on July 2, 1990, and answers requested within thirty (30) days of receipt. On August 20, 1990, no documents or answers had been received from Roberts-Hohl, and a call to his office yielded the information that he was on vacation and not expected to return until August 20, 1990. The AUSA requested a fourth enlargement of time on this basis. On September 19, 1990, a fifth enlargement of time was requested on the basis that Roberts-Hohl had been called by the AUSA on September 4, 1990, and advised that the responses had been mailed. In that they had not been received, however, Roberts-Hohl had agreed to send a second copy of the responses. The enlargement of time was granted, but Roberts-Hohl at no time provided the answers to the interrogatories or the requested documents. Additionally, he failed to advise Esry or Schaefer that interrogatories and a request for production of documents had been served upon him and he failed to provide them with copies of these pleadings or request them to provide the answers or the documents sought.
On October 26, 1990, the AUSA wrote to Roberts-Hohl by certified mail and advised him that the answers and the documents still had not been received and that a motion to dismiss the case for lack of prosecution would be filed if the materials were not received by November 2, 1990. This letter was *1169 received by Roberts-Hohl on November 5, 1990, but he took no action in response.
During 1990, Esry made repeated calls to Roberts-Hohl in an effort to obtain information about the case. Roberts-Hohl was usually unavailable and seldom returned Esry's calls.
On October 15, 1991, the United States Court of Claims judge to whom the case was assigned ordered the parties to file a joint status report on or before November 12, 1991. On November 12, the AUSA requested and received permission to file an individual status report for the reasons that efforts to contact Roberts-Hohl had been unsuccessful and that the time for transmittal of a joint report was inadequate if the court's deadline was to be met. In a conversation with the AUSA on November 12, Roberts-Hohl advised that he was unaware of the fact that a new attorney had been assigned to the case and had sent his portion of the report to the previously assigned AUSA (which he may in fact have done.) The Department of Justice filed its status report on November 15, 1991, but Roberts-Hohl did not file a report on behalf of his clients.
In November 1991, the Department of Justice filed a motion to dismiss the complaint for lack of jurisdiction and failure to prosecute and/or to comply with discovery requests. A copy of this motion was served upon Roberts-Hohl. Pursuant to Rule 83.2(c) of the Rules of The United States Claims Courts, Roberts-Hohl was given twenty-eight (28) days within which to file a response to this motion. No response was filed. Roberts-Hohl failed to advise Esry and Schaefer of the motion to dismiss and provide them with a copy of the motion. During 1991, although unsuccessful, Esry continued his efforts to obtain information about the case from Roberts-Hohl.
On March 16, 1992, the United States Court of Claims judge sua sponte entered an order directing Esry and Schaefer to respond to the motion to dismiss on or before April 1, 1992, and to show cause why sanctions should not be imposed for their failure to comply with Rule 83.2(c). A copy of this order was sent to Roberts-Hohl, yet he filed no response and failed to advise his clients of this order or provide them with a copy of it.
On July 27, 1992, the case was dismissed on the basis of plaintiffs' failure to prosecute. In the order of dismissal, the clerk of the United States Claims Court was instructed to send copies of the order directly to plaintiffs Esry and Schaefer as well as to Roberts-Hohl.
When Esry learned of the dismissal from the clerk, he unsuccessfully attempted to reach Roberts-Hohl at his office. He left a message, but the call was not returned. On August 6, 1992, Esry sent via telecopier a copy of the order to Roberts-Hohl with the message "PLEASE CALL ME!" and included his home and business numbers. Roberts-Hohl never called Esry. Esry then wrote to Roberts-Hohl on August 31, 1992, requesting the return of his files and the money he had paid. The letter was sent by registered mail and received by Roberts-Hohl. Esry never received either his files or a refund and was never contacted again by Roberts-Hohl.
By reason of the above conduct, Roberts-Hohl committed clear violations of Rules 16-101, 16-103, 16-104(A), 16-116(D), 16-302, 16-304(C), 16-304(D), and 16-401 of the Rules of Professional Conduct. By accepting a $5,000 retainer and taking no discernable action apart from filing a complaint, he also charged a clearly excessive fee in violation of Rule 16-105 of the Rules of Professional Conduct. While the fee agreement provided for a reasonable fee for the services to be performed, even a minimal fee becomes excessive when no service is provided. See In re Martinez, 108 N.M. 252, 771 P.2d 185 (1989).
Due to his apparent neglect of the claim filed by his clients Esry and Schaefer, Roberts-Hohl was ordered on August 13, 1992, by the United States Claims Court to show cause why he should not be disbarred from practicing in that court due to his repeated failures to respond to pleadings and court orders or comply with the requirements of procedural rules. The order to show cause was sent to Roberts-Hohl by certified mail and received by him on August 18, 1992. No response to this order was filed, and Roberts-Hohl *1170 made no efforts to comply with the order or to show cause why his actions should not result in disbarment. On October 20, 1992, an order was entered disbarring him from further practice before the United States Claims Court. By reason of this conduct, Roberts-Hohl knowingly disobeyed his obligations under the rules of a tribunal in violation of Rule 16-304(C) of the Rules of Professional Conduct and failed to respond to a lawful demand for information from a disciplinary authority in connection with a disciplinary matter in violation of Rule 16-801(B) of the Rules of Professional Conduct.
When an attorney licensed by this Court is disciplined by another court before which he or she is admitted, this Court has the option of imposing identical discipline. See SCRA 1986, 17-210. As we have noted in the past, however, because the privilege of practicing before a federal court generally is contingent solely upon one's admission to a state bar and can be summarily withdrawn for violations of the federal court's procedural rules, we will not automatically impose the sanction of disbarment when one is disbarred from practice in a federal court. See In re Allred, 108 N.M. 666, 777 P.2d 905 (1989). While Roberts-Hohl's conduct toward the United States Court of Claims was inexcusable, we do not feel that disbarment from practice in New Mexico is the appropriate sanction in this instance.
In addition to the foregoing, Roberts-Hohl was unresponsive to inquiries from disciplinary counsel regarding the complaint filed against him by the clerk of the United States Claims Court and the subsequent allegations levied by Esry and Schaefer. Disciplinary counsel mailed Roberts-Hohl a copy of the clerk's letter with enclosures on October 26, 1992. In his one letter to disciplinary counsel, Roberts-Hohl claimed never to have seen or received the court's August 13, 1992, order directing him to show cause. Roberts-Hohl advised disciplinary counsel that he was in the process of complying with the court's orders and would be asking for reconsideration of the dismissal of his clients' case and the order of disbarment. He requested that the investigation be stayed pending further action by the United States Claims Court regarding these requests.
On December 15, 1992, disciplinary counsel inquired of the clerk whether Roberts-Hohl had filed any further pleadings and was advised on January 4, 1993, that no pleadings had been filed by Roberts-Hohl as of that date. Disciplinary counsel again wrote to Roberts-Hohl on January 13, 1993, and informed him that her investigation could not be held in abeyance absent permission from the disciplinary board and that permission could not be granted absent some showing that there was related litigation. She advised Roberts-Hohl that the next board meeting would be held on February 12, 1993, and that a stay of the investigation would be requested only if she had in hand copies of motions for reconsideration filed by him. If he chose not to file such motions, Roberts-Hohl was asked to respond to the inquiry of October 26 on or before February 15, 1993. As of February 22, 1993, no pleadings were filed by Roberts-Hohl with the U.S. Court of Federal Claims (formerly the United States Court of Claims) nor any response submitted to disciplinary counsel.
On February 15, 1993, Roberts-Hohl was sent a copy of a letter which disciplinary counsel had received from his former client Esry and was asked to respond to Mr. Esry's allegations on or before March 1, 1993. Roberts-Hohl never replied to this letter.
By reason of this conduct, Roberts-Hohl committed an additional violation of Rule 16-801(B) of the Rules of Professional Conduct. By advising chief counsel that he never received the August 13 order to show cause (a certified mail receipt for this document signed by Roberts-Hohl is part of the evidence in this case), Roberts-Hohl also engaged in conduct involving misrepresentation and violated Rule 16-804(C) of the Rules of Professional Conduct. In addition to all of the above, Roberts-Hohl engaged in conduct prejudicial to the administration of justice in violation of Rule 16-804(D) of the Rules of Professional Conduct and conduct that reflects adversely on his fitness to practice law in violation of Rule 16-804(H) of the Rules of Professional Conduct.
*1171 Roberts-Hohl was served with a copy of the specification of charges on March 11, 1993. When the time for him to file an answer or other responsive pleading had passed and no responsive pleading had been filed, disciplinary counsel moved to have the allegations deemed admitted pursuant to SCRA 1986, 17-310(C), which directs that if an attorney fails to answer within twenty (20) days of the service of a specification of charges, or if the charges are not specifically denied in the answer, "the charges will be deemed admitted."
The hearing committee entered an order deeming the allegations admitted and scheduled a hearing at which the sole issue was the nature of discipline to be recommended after considering any facts in aggravation or mitigation of Roberts-Hohl's misconduct. After the hearing, however, the committee filed findings of fact and conclusions of law inconsistent with its earlier order. While the committee found that the factual allegations in the charges were deemed admitted, it concluded that many of the allegations regarding rule violations were without merit or inapplicable to the facts or superfluous. In view of the hearing committee's conclusions, disciplinary counsel requested oral argument before a panel of the disciplinary board pursuant to SCRA 1986, 17-314.
The board correctly applied the language of Rule 17-310(C), which directs that "the charges will be deemed admitted" if a respondent-attorney fails to answer within twenty (20) days. The language of the rule is mandatory and applies to all allegations in the specification of charges, not merely the factual allegations. Once an attorney has failed to deny the charges, the only task for the hearing committee is to hear evidence in aggravation or mitigation and recommend an appropriate sanction.
This is not to say that a hearing committee may never set aside a finding that an attorney is in default and permit the filing of a belated answer. As we have previously stated, the hearing committee (or the board) may, for good cause shown, set aside a finding of default pursuant to Rules 1-055(C) and 1-060. See In re Tapia, 110 N.M. 693, 799 P.2d 129 (1990). This would necessarily involve the respondent-attorney's filing (prior to the scheduled hearing) a motion to set aside the default or some pleading wherein the factual allegations are denied or that indicates a meritorious defense exists. Absent the filing of such a pleading and a showing of good cause to set aside the default, the only issue for the committee to decide is the nature of discipline to be recommended. To hold otherwise would be to encourage endless delay of disciplinary proceedings by attorneys seeking to avoid the consequences of their own misconduct for as long as possible.
The hearing committee also recommended that Roberts-Hohl be suspended from practice for a period of three (3) months and then automatically reinstated on a probationary basis on certain terms and conditions, including the payment of restitution to his clients in the amount of $5,000 with interest of ten percent (10%) from October 17, 1989, until the amount is paid in full. The disciplinary board panel recommended that the period of actual suspension be increased to six (6) months and that the payment of restitution be completed within twelve (12) months and the costs paid as a precondition to reinstatement.
We agree with the disciplinary board that a period of suspension less than six (6) months is inappropriate in that a shorter period of suspension would not be an effective way to protect the public. An attorney suspended for three months merely could delay the performance of requested services and, if the work ultimately were completed and a fee paid, the suspension would have served only to inconvenience the client. See ABA Standards for Imposing Lawyer Sanctions, Standard 2.3 and Commentary.
We also feel, however, that the payment of costs and restitution in this instance should be conditions of probation rather than preconditions to reinstatement.
IT IS THEREFORE ORDERED that Winston Roberts-Hohl be and hereby is suspended from the practice of law for a period of six (6) months pursuant to SCRA 1986, 17-206(A)(2) effective February 1, 1994. Reinstatement will be automatic provided that *1172 Roberts-Hohl has taken and passed the Multistate Professional Responsibility Examination.
IT IS FURTHER ORDERED that upon reinstatement Roberts-Hohl will be placed on probation for a period of twelve (12) months on the following terms and conditions:
(1) That he make restitution to clients Esry and Schaefer in the amount of $5,000 plus interest of ten percent (10%) from October 17, 1989, until the amount is paid in full. Restitution is to be made on a monthly basis in an amount to be determined by Roberts-Hohl and disciplinary counsel, and Roberts-Hohl is to provide evidence to disciplinary counsel on a monthly basis that payments have been made.
(2) That an attorney/monitor be appointed at Roberts-Hohl's expense to oversee the handling of his caseload. Specifically, the attorney/monitor will approve or disapprove the acceptance of new cases or legal matters; will monitor billing and time records; and will monitor the progress of all cases and satisfy himself or herself that such matters are being diligently pursued.
(3) That Roberts-Hohl pay the costs of these proceedings in the amount of $728.57 within six (6) months of his reinstatement.
(4) That Roberts-Hohl commit no violations of the Rules of Professional Conduct.
The probation monitor promptly will report any violations by Roberts-Hohl of the above terms and conditions to disciplinary counsel, who will bring them to the attention of this Court pursuant to SCRA 1986, 17-206(G). If found in contempt by this Court, Roberts-Hohl could be subjected to further discipline.
IT IS FURTHER ORDERED that within ten (10) days of the effective date of his suspension Roberts-Hohl shall file with the Court evidence of his compliance with all the requirements of Rule 17-212 and shall serve a copy of his affidavit of compliance upon disciplinary counsel.
IT IS FURTHER ORDERED pursuant to Rule 17-206(D) that this opinion shall be published in New Mexico Reports and the State Bar of New Mexico Bar Bulletin.
IT IS FURTHER ORDERED that the clerk of this Court shall strike the name of Winston Roberts-Hohl from the roll of those persons permitted to practice law in New Mexico.
The costs of these proceedings in the amount of $728.57 are assessed against Roberts-Hohl and must be paid to the disciplinary board in the manner noted above.
IT IS SO ORDERED.