**Certiorari Denied, August 2, 2012, No. 33,634**

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2012-NMCA-091**

**Filing Date: April 26, 2012**

**Docket No. 30,698**

**RIO GRANDE SUN and LOUIS MATTEI, individually and as a reporter for the Rio Grande Sun,**

    **Plaintiffs-Appellants,**

**v.**

**JEMEZ MOUNTAINS PUBLIC SCHOOL DISTRICT and ADAN DELGADO, Superintendent and custodian of public records for the Jemez Mountain Public School District,**

    **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Peifer, Hanson & Mullins, P.A.
Charles R. Peifer
Matthew R. Hoyt
Lauren Keefe
Albuquerque, NM

for Appellants

Cuddy & McCarthy, LLP
Aaron J. Wolf
Y. Jun Roh
Santa Fe, NM

for Appellees

1

**OPINION**

**FRY, Judge.**

**{1}**     In this case filed under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2011), we review the district court's reduction of Plaintiffs' requested attorney fees from $30,676.50 to $5000.  Because the district court did not meaningfully consider the evidence in support of the request for fees and because it did not employ an objective assessment of the amount of fees reasonably necessary to successfully prosecute the case, we reverse the $5000 award and remand for recalculation utilizing the lodestar method.  We also instruct the district court to reconsider its award of costs and to award gross receipts taxes attributable to the final fee award.  We affirm the court's denial of post-judgment interest.

**BACKGROUND**

**{2}**     Plaintiffs Rio Grande Sun (the Sun) and Louis Mattei, a Sun reporter, sued Defendants Jemez Mountain Public School District (the District) and Adan Delgado in order to obtain production of public records under IPRA.  The records sought pertained to payments the District made to a former employee who was suspected of embezzling funds from the District.  Before filing their lawsuit, Plaintiffs had made two requests for records from the District, and the District had denied both requests.

**{3}**     The district court granted Plaintiffs' motion for judgment on the pleadings and ordered Defendants to produce the requested records.  In accordance with Section 14-2-12(D) of IPRA, Plaintiffs then filed a motion for an award of attorney fees, damages, and expenses. Plaintiffs proffered their attorneys' itemized billing statements and resumes along with the affidavit of an attorney familiar with the prevailing rates charged by attorneys, who attested to the reasonableness of the fees charged and the competency of Plaintiffs' counsel. Plaintiffs initially sought fees totaling $22,899.50 for 125.4 hours spent in prosecuting the case, plus $834.85 in expenses, $132 in costs, and post-judgment interest.  Defendants responded that Plaintiffs' requested fees were "unreasonable, both with respect to the hourly rates and the hours expended."

**{4}**     Without holding a hearing on Plaintiffs' motion, the district court entered an order awarding Plaintiffs nominal damages, $5000 in attorney fees, and $794.04 in costs.  The court explained its large reduction of the requested fees by noting that Plaintiffs had filed a complaint, a motion, and a reply, and that there were no hearings held.  The court noted that Plaintiffs' counsel "hold themselves out as having an expertise in this area of law and being very experienced" and that "[i]t is this expertise and experience that they claim justified the strikingly high hourly rates for the attorneys and support staff in their office ($350, $225, and $165 per hour for attorneys, and $100 per hour for support staff)."  The court then observed that counsel's expertise and experience meant that "a minimal amount of time should be needed to draft the required pleadings."

**{5}** The district court went on to observe that "Plaintiff[s'] hours are the equivalent of working all day, every week day, for nearly three weeks to produce the limited pleadings in this case." The court stated that it declined to analyze counsel's bill "line by line" and that counsel's bill was "so unreasonable in both the hourly fee rate and the hours billed that it is no help at all to the [c]ourt in determining reasonable fees." The court noted that "an attorney who charged $5000 for nothing more than filing a [c]omplaint was found to have charged an excessive fee," citing *In re Roberts-Hohl*, 116 N.M. 700, 866 P.2d 1167 (1994) (per curiam).

**{6}** Plaintiffs filed a motion for reconsideration in which they sought, in addition to their initial fee request, fees in the amount of $7777 and expenses of $485.16. Following a hearing, the district court denied the motion without explanation. This appeal followed.

## DISCUSSION

**{7}** Plaintiffs argue that the district court's reduction of the attorney fees billed was arbitrary because it failed to consider the amount of reasonable fees necessary to achieve success, it failed to consider the billing records submitted, and it relied on a misapprehension of the issues in the case. They maintain that arbitrary reductions of attorney fees, such as the district court's reduction, will discourage citizens from protecting their rights under IPRA. Plaintiffs also contend that the district court erroneously failed to award all of the costs incurred, gross receipts taxes, and post-judgment interest. Finally, Plaintiffs ask for an award of attorney fees incurred in this appeal.

### Attorney Fees Incurred in the District Court

**{8}** IPRA provides that "[t]he court shall award damages, costs and reasonable attorneys' fees to any person whose written request has been denied and is successful in a court action to enforce the provisions of [IPRA]." Section 14-2-12(D). Therefore, it is undisputed that Plaintiffs were entitled to an award of damages, fees, and costs. Before considering the merits of Plaintiffs' arguments, we review IPRA and its purpose in order to provide context.

**{9}** IPRA "embodies New Mexico's policy of open government," *Cox v. N.M. Dep't of Pub. Safety*, 2010-NMCA-096, ¶ 5, 148 N.M. 934, 242 P.3d 501, *cert. quashed*, 150 N.M. 765, 266 P.3d 634, and its purpose is to ensure "that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees." Section 14-2-5. Given this purpose, it is clear that IPRA's provision mandating an award of damages, costs, and attorney fees to a successful litigant is an example of fee shifting—i.e., the imposition of the cost of litigation on the party who unsuccessfully resists a statutorily-compelled, socially beneficial action. *See, e.g.*, *In re N.M. Indirect Purchasers Microsoft Corp. Antitrust Litig.*, 2007-NMCA-007, ¶ 34, 140 N.M. 879, 149 P.3d 976 (observing that the lodestar method of calculating attorney fees "is ordinarily used in statutory fee-shifting cases because it provides adequate fees to attorneys who undertake litigation that is socially beneficial").

3

**{10}** Generally, we review an award of attorney fees for abuse of discretion. *Id.* ¶ 6. However, "[a] discretionary decision based on a misapprehension of the law is an abuse of discretion that must be reviewed de novo." *Id.* If the trial court has correctly applied the law to the facts, "we review a discretionary decision for an abuse of discretion and reverse only if it [is] contrary to logic and reason." *Id.* (alteration in original) (internal quotation marks and citation omitted).

**{11}** Plaintiffs contend that the district court abused its discretion in awarding only $5000 in fees because it failed to follow established guidelines for determining attorney fees, it refused to consider the evidence offered in support of the motion for fees, and it relied on unsupported factual assertions. In making their fee request, Plaintiffs submitted detailed billing statements showing dates, work performed, and time expended. The first statement, which reflected time expended from the time Plaintiffs first sought disclosure of the District's records through beginning preparation of the motion for attorney fees, comprised nine pages attributable to fees incurred and reflected 125.4 hours of labor and a total of $22,899.50. The second statement reflected time expended from completion of the motion for attorney fees through completion of the reply in support of the motion, comprised three pages, and reflected 51.1 hours of labor and a total of $7777. The two statements together reflected 176.5 hours of labor for a total fee of $30,676.50.

**{12}** The district court gave several reasons justifying its reduction of the fee to $5000. These reasons can be summarized as the district court's view that Plaintiffs' counsel charged "strikingly high hourly rates," filed only four pleadings and, given counsel's expertise in the area of IPRA, should have been able to draft the pleadings in far less time than they claimed to have expended. The court then concluded that it could have analyzed counsel's bill "line by line to determine what amount of time was reasonable to spend on each task," but it "decline[d] to do so" because "[i]t is apparent that the total fee . . . is facially unreasonable and the Plaintiffs are looking for a windfall in the award of attorney fees." The court cited *Roberts-Hohl* as standing for the proposition that a $5000 fee for filing a complaint is excessive, and then "exercise[d] its discretion to determine the reasonableness of fees and award[ed] the amount of $5000 for attorney fees."

**{13}** The district court's determination of fees is without basis in law or fact. While an award of attorney fees is discretionary, "the exercise of that discretion must be reasonable when measured against objective standards and criteria." *Lenz v. Chalamidas* (*Lenz I*), 109 N.M. 113, 118, 782 P.2d 85, 90 (1989). Those criteria may include:

> (1) the time and labor required—the novelty and difficulty of the questions involved and skill required; (2) the fee customarily charged in the locality for similar services; (3) the amount involved and the results obtained; (4) the time limitations imposed by the client or by the circumstances; and (5) the experience, reputation and ability of the lawyer or lawyers performing the services.

*Id.* In the present case, the district court expressly refused to consider the evidence presented on the first two factors. The court declined to review the billing statements in any detail in order to familiarize itself with the time and labor required, and it flatly rejected the affidavit

4

of Paul Bardacke, who attested that he was familiar with the "ranges of the prevailing rates charged by leading attorneys in New Mexico" and that "the rates requested [are] reasonable and customary compared to fees charged in New Mexico by attorneys for similar work and with similar experience." The court stated that Bardacke "himself charges the unreasonable fee of $450 per hour. At this rate an attorney could make a handsome living working only one hour a day." The task before the court was not the reasonableness of Bardacke's hourly rate but whether Plaintiffs' counsel's hourly rate was reasonable. The court impermissibly disregarded Bardacke's affidavit on the salient issue.

**{14}** The district court similarly failed to consider the evidence related to the requested attorney fees and relied instead on its own assessment of what it considered to be a reasonable hourly rate and a reasonable amount of time expended. Although a court may rely on its own knowledge of the rates normally charged in the area, that knowledge should be used only to supplement the evidence regarding a reasonable hourly rate. *See Microsoft*, 2007-NMCA-007, ¶ 65 (explaining that "[t]he judge, familiar with the case and the normal rates in the area, may rely on his own knowledge to supplement the evidence regarding a reasonable hourly rate"). We are aware of no authority permitting a court to refuse to consider evidence presented on the issue of attorney fees, which is what the court did in the present case.

**{15}** It is also clear that the district court did not have a clear grasp of the time and labor involved in litigating the case to a successful conclusion for Plaintiffs. The court stated that Plaintiffs filed only a complaint, a motion, a reply, and a related motion to strike an affidavit filed by Defendants. In fact, in addition to the four pleadings just mentioned, Plaintiffs filed a nine-page brief in support of their motion for partial judgment on the pleadings, a seven-page brief in support of their motion to strike, a conditional reply in support of the motion to strike, a motion with fifty pages of exhibits asking the court to take judicial notice of pleadings in related cases, a motion for the award of attorney fees, damages, and expenses with thirty-two pages of exhibits, a reply in support of the fees motion, a motion for reconsideration and eleven-page supporting brief, plus two other minor motions for extension.

**{16}** The district court also failed to consider the novelty of the issues addressed in Plaintiffs' pleadings. For example, the court noted that counsel billed 48 minutes for preparing the summons and stated, "Assuming that the one[-]page form of summons is already on the computer of Plaintiff[s'] counsel, . . . then the only work would be filling in the case caption, which took this [c]ourt less than a minute to accomplish at the top of this [o]rder, and then filling in the name and address of the three people to be served." This observation overlooks the explanation offered in attorney Matthew Hoyt's affidavit that "[a]lthough my law firm has experience with IPRA cases, it has not, to my knowledge, ever brought suit against a New Mexico public school district [and] a public school superintendent" and, therefore, it was necessary to conduct research to determine how to serve those parties. In response to the district court's dismissive assessment of the time devoted to the motions filed, Hoyt also attested that Defendants raised novel defenses that required considerable research in areas on which there was little New Mexico law.

**{17}**    The district court did not "determine the time reasonably necessary to provide the services required." *Lenz v. Chalamidas* (*Lenz II*), 113 N.M. 17, 19, 821 P.2d 355, 357 (1991).  Instead, it awarded an arbitrary fee of $5000, which it apparently justified by relying on *Roberts-Hohl*.  *Roberts-Hohl* bears no relation to the issues in this case.  *Roberts-Hohl* was an attorney disciplinary proceeding in which the clients had paid their attorney a retainer of $5000 to pursue a tax refund.  116 N.M. at 701, 866 P.2d at 1168.  The attorney filed a complaint and then did nothing further.  *Id.* at 701-02, 866 P.2d at 1168-69.  The court ultimately dismissed the complaint for lack of prosecution, but the attorney failed to advise his clients of this fact.  *Id.* at 702, 866 P.2d at 1169.  Our Supreme Court held that the attorney's conduct violated numerous rules of the Code of Professional Conduct and, further, that "[b]y accepting a $5000 retainer and taking no discernable action apart from filing a complaint, he also charged a clearly excessive fee in violation of Rule 16-105 [NMRA]." *Roberts-Hohl*, 116 N.M. at 702, 866 P.2d at 1169.  We fail to see how a fee deemed excessive in a disciplinary case in 1994 could provide any guidance to the district court addressing the fee application in the present case.

**{18}**    The district court also failed to consider the fact that this is a case under IPRA, which embodies distinct public policy goals that must be considered when fees are awarded in accordance with that statutory scheme.  Our Supreme Court has instructed that "[w]e must construe IPRA in light of its purpose[,]" which is "to ensure that the public servants of New Mexico remain accountable to the people they serve." *San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶¶ 14, 16, 150 N.M. 64, 257 P.3d 884.  "IPRA includes remedies to encourage compliance and facilitate enforcement[,]" *id.* ¶ 12, and the provision requiring an award of attorney fees to a member of the public who prevails in an IPRA case is one of those remedies.

**{19}**    As with other fee-shifting statutory schemes, IPRA's fee requirement encourages individuals to enforce IPRA on behalf of the public. *See Jones v. Gen. Motors Corp.*, 1998-NMCA-020, ¶ 25, 124 N.M. 606, 953 P.2d 1104 (explaining, in a case filed under the Unfair Practices Act, that awarding damages and attorney fees to a successful plaintiff "reimburses the individual plaintiff and his counsel for enforcing the Act on behalf of the general citizenry" (internal quotation marks and citation omitted)); *see also Lucero v. Aladdin Beauty Coll., Inc.*, 117 N.M. 269, 271, 871 P.2d 365, 367 (1994) (noting that "one of the policies embodied in the [Human Rights] Act is to encourage lawyers to take cases involving alleged violations of the Act" by providing for the award of attorney fees).  Consequently, attorney fees awarded "should reflect the full amount of fees fairly and reasonably incurred by [the p]laintiff in securing an award" under the statutory scheme. *Jones*, 1998-NMCA-020, ¶ 25.  Without this incentive, prospective plaintiffs might have difficulty pursuing their claims and enforcing IPRA on behalf of the public. *Id.*

**{20}**    In statutory fee-shifting cases like this one, the lodestar method for determining attorney fees is generally used "because it provides adequate fees to attorneys who undertake litigation that is socially beneficial, irrespective of the pecuniary value to the [claimant]." *Microsoft*, 2007-NMCA-007, ¶ 34.  "A lodestar is determined by multiplying counsel's total hours reasonably spent on the case by a reasonable hourly rate." *Id.*  "The lodestar provides an objective basis for valuing the attorney's services[.]" *Id.*

6

**{21}** The district court in the present case failed to utilize the lodestar method or any objective basis for determining a reasonable award of attorney fees, and we therefore hold that it abused its discretion. We reverse the district court's award of attorney fees and remand for a recalculation based on the evidence presented by Plaintiffs, including their billing statements and the Bardacke and Hoyt affidavits, as well as any evidence presented by Defendants. The district court should utilize the lodestar method as a starting point for its calculation, and it should enter findings of fact and conclusions of law based on the evidence, taking into account the factors listed in *Lenz I* and the policies underlying IPRA.

**Defendants' Arguments**

**{22}** Before considering the other issues Plaintiffs raise in this appeal, we briefly address Defendants' argument that Plaintiffs waived their right to challenge the district court's fee award because they failed to timely request findings of fact and conclusions of law. Defendants' argument is without merit because it relies on cases decided under a prior version of Rule 1-052 NMRA. *See Cockrell v. Cockrell*, 117 N.M. 321, 324, 871 P.2d 977, 980 (1994) (quoting former Rule 1-052(B)(1)(f) NMRA (1986) as stating, "'A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or he fails to tender specific findings and conclusions.'"). Rule 1-052 was rewritten in 2001, and the current version "omits reference to 'preservation of error' as this is a matter for the appellate rules." Rule 1-052 comm. cmt. 3.

**{23}** Defendants also argue that courts should have the discretion to "exercise a more stringent approach in deciding the proper amount of attorney[] fees" in cases where a public body's failure to disclose public records is done in good faith. We are not persuaded. There is nothing in IPRA suggesting that good faith non-disclosure has any effect on an award of attorney fees, and the district court did not mention good faith in connection with its fee award.

**Costs, Gross Receipts Taxes, and Post-Judgment Interest**

**{24}** Plaintiffs contend that the district court erroneously calculated the costs to be awarded and failed to award them gross receipts taxes and post-judgment interest. Defendants respond that Plaintiffs failed to preserve these issues for appeal. We conclude that Plaintiffs preserved these matters by raising them in their motion for attorney fees, expenses, and post-judgment interest. Contrary to Defendants' contention, it was not necessary for Plaintiffs to reiterate their request for these awards in their motion for reconsideration. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) (explaining that "[t]o preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court").

**{25}** On the issue of costs, Plaintiffs claim that the district court erroneously failed to award $132 representing the district court filing fee and $485.16 in costs incurred after the motion for attorney fees was filed but before the reply in support of the motion was filed. It appears that the district court may have overlooked the charge for the filing fee because

7

it awarded all other costs submitted with Plaintiffs' initial motion for fees, but it failed to award the filing fee charge, which was listed separately from the other costs. As for costs incurred between the motion for fees and the reply, those costs may be awarded if the district court on remand deems them to be reasonable and necessary. In any event, when the district court recalculates the attorney fee award, it should also reconsider its award of costs to ensure that all reasonable and necessary costs are included.

**{26}** With respect to Plaintiffs' request for their gross receipts taxes, such taxes were owed on attorney fees incurred. Consequently, it makes sense that Plaintiffs would be entitled to all gross receipts taxes attributable to the fees ultimately awarded on remand, and we direct the district court to include such taxes in its recalculation of the fee award.

**{27}** As for post-judgment interest, NMSA 1978, Section 56-8-4(D) (2004) prohibits such an award against a school district. That statutory provision states that "[t]he state and its political subdivisions are exempt from the provisions of this section [allowing post-judgment interest] except as otherwise provided by statute or common law." *Id.* Because no statute authorizes post-judgment interest against a school district, such an award is not allowed. *See Franco v. Carlsbad Mun. Schs.*, 2001-NMCA-042, ¶ 25, 130 N.M. 543, 28 P.3d 531 (explaining that because "no statute expressly authorizes [the] imposition of post-judgment interest against a school district," Section 56-8-4(D) prohibits such an award).

**Attorney Fees on Appeal**

**{28}** Plaintiffs seek recovery of the attorney fees incurred in this appeal. Because Plaintiffs are the prevailing party on every issue except that involving post-judgment interest, they are entitled to their costs, which include "reasonable attorney fees for services rendered on appeal in causes where the award of attorney fees is permitted by law." Rule 12-403(B)(3) NMRA. IPRA allows the award of reasonable attorney fees on appeal in this case. Section 14-1-12(D). On remand, Plaintiffs should present evidence of their fees and costs on appeal, Defendants may respond, and the district court should calculate an additional fee award in a manner consistent with the method we have described in this Opinion for the calculation of fees incurred in the district court.

**CONCLUSION**

**{29}** For the foregoing reasons, we reverse the district court's award of attorney fees and remand for recalculation of the fee award consistent with the direction provided in this Opinion. We also instruct the district court to include in its fee award an award of gross receipts taxes attributable to the fees, to reconsider its award of costs to ensure that all reasonable and necessary costs are included, and to enter an award of costs and attorney fees incurred in connection with this appeal. We affirm the court's denial of post-judgment interest.

**{30}** **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *Rio Grande Sun v. Jemez Mountains Public School Dist.*, No. 30,698**

**APPEAL AND ERROR**
Attorney Fees
Costs on Appeal
Remand
Standard of Review

**ATTORNEYS**
Fees, General
Fees, Unearned

**GOVERNMENT**
Public Records

**JUDGES**
Abuse of Discretion

**JUDGMENT**
Costs
Interest

**MISCELLANEOUS STATUTES**
Inspection of Public Records Act