This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40207**

**NANCY HENRY,**

      Petitioner-Appellant,

v.

**NEW MEXICO LIVESTOCK BOARD,
and JESSICA BACA, in her official
capacity as Records Custodian for
the New Mexico Livestock Board,**

      Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan Biedscheid, District Court Judge**

Nancy Henry
Albuquerque, NM

Pro Se Appellant

Long, Komer & Associates, P.A.
Nancy R. Long
Jonas M. Nahoum
Santa Fe, NM

for Appellees

**DECISION**

**ATTREP, Chief Judge.**

**{1}** Petitioner Nancy Henry appeals the district court's order in this Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through

2023),1 enforcement action against Respondents New Mexico Livestock Board and Records Custodian Jessica Baca (collectively, NMLB). Henry challenges the district court's denial of her request for statutory damages under Section 14-2-11(C). We affirm.

**DISCUSSION**

**{2}** Henry argues that the district court "erred in refusing to award mandatory statutory damages to her" and that she is "entitled to damages under both Sections [14-2-11(C) and 14-2-12(D)]." Section 14-2-12(D), however, "does not permit punitive or statutory damages," and only allows for an award of actual damages. *Faber v. King*, 2015-NMSC-015, ¶ 41, 348 P.3d 173. Because Henry contends only that the district court erred in not awarding her statutory damages, and concedes that she did not request actual damages below pursuant to Section 14-2-12(D), we limit our review to whether she was entitled to statutory damages under Section 14-2-11(C)—an award of which she acknowledges is not mandatory.

**{3}** In relevant part, Section 14-2-11(C) provides,

> A custodian who does not deliver or mail a written explanation of denial within fifteen days after receipt of a written request for inspection is subject to an action to enforce the provisions of [IPRA] and the requester may be awarded damages. Damages shall . . . be awarded if the failure to provide a timely explanation of denial is determined to be unreasonable.

This Court has concluded that "Section 14-2-11 does not entitle a requester to statutory damages in every case where the public body has failed to comply with IPRA," and that the provision "only mandates their award where the district court has determined that the public body's failure is unreasonable." *Britton v. Office of Attorney Gen.*, 2019-NMCA-002, ¶ 38, 433 P.3d 320 (internal quotation marks and citation omitted). "[T]he question of reasonableness . . . is one that must be answered as a matter of fact" by the district court. *Id.* ¶ 40. "If a district court determines that a public body's failure to allow for inspection of responsive records was reasonable, it may properly refuse to award statutory damages." *Id.* ¶ 38. If, however, the public body's failure is found to be unreasonable, "the district court must award statutory damages," but the court has "broad discretion in determining the amount of the award." *Id.*

**{4}** We understand Henry to argue that the district court erred by not finding NMLB's actions unreasonable. On appeal, both parties appear to agree that our review is for an abuse of discretion only. *See Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 10, 287 P.3d 318 ("If the trial court has correctly applied the law to the facts, we review a discretionary decision for an abuse of discretion and reverse only if it is contrary to logic and reason." (alteration, internal quotation marks, and citation omitted)). Given that this Court has held that the question of reasonableness is a question of fact, *Britton*, 2019-NMCA-002, ¶ 40, this appeal also raises a question of

---

1Some sections of IPRA were amended after Henry's request was made. *See* §§ 14-2-1, -1.2, -6. Because those amendments do not impact this appeal, we cite the most recent version of the statute.

substantial evidence. *See In re Camino Real Env't Ctr., Inc.*, 2010-NMCA-057, ¶¶ 22-23, 148 N.M. 776, 242 P.3d 343 (characterizing the appellant's argument that the hearing officer disregarded certain evidence "as a challenge based on abuse of discretion or substantial evidence"). "We emphasize . . . that it is the appellant's burden to persuade us that the district court erred" because "there is a presumption of correctness in the rulings and decisions of the district court." *See Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 (internal quotation marks and citation omitted).

{5}     On the record and briefing before us, we are not persuaded that the district court erred. Apparently accepting NMLB's proffer that the production of records was inadvertently delayed due to its counsel being out of the country and the intervening holidays, the district court found that NMLB's actions were not unreasonable. Although Henry repeatedly makes the blanket assertion that NMLB's explanation for the untimely denial was unreasonable, she fails to argue that the district court's finding was not supported by substantial evidence. Because Henry does not mount a proper substantial evidence challenge, we are bound by the district court's finding of reasonableness. *See In re Camino Real*, 2010-NMCA-057, ¶ 22 (holding that the appellants waived any argument that a hearing officer's findings were not supported by substantial evidence because they did not appropriately challenge the findings); *see also Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 17, 137 N.M. 26, 106 P.3d 1273 (providing that because an appellant did not appropriately attack a court's finding of fact, and did "not appeal on the ground that any of the court's findings of fact [were] unsupported by substantial evidence," "[t]he court's finding [was] essentially unchallenged, and it [was], therefore binding on appeal"); Rule 12-318(A)(4) NMRA (providing that a brief in chief's "argument shall set forth a specific attack on any finding, or the finding shall be deemed conclusive").

{6}     Given the district court's unchallenged finding that NMLB's failure was reasonable, we cannot say the district court's denial of statutory damages under Section 14-2-11(C) was "clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *See Am. Civil Liberties Union of N.M. v. Duran*, 2016-NMCA-063, ¶ 24, 392 P.3d 181 (internal quotation marks and citation omitted). This is because a district court "may properly refuse to award statutory damages" if it "determines that a public body's failure to allow for inspection of responsive records was reasonable." *Britton*, 2019-NMCA-002, ¶ 38; *see also In re Camino Real*, 2010-NMCA-057, ¶ 23 ("Given the unchallenged findings of fact, we cannot conclude that the . . . order was contrary to the facts and circumstances of this case.").

{7}     Lastly, Henry appears to maintain in her reply brief that she was entitled to statutory damages under Section 14-2-11(C) because NMLB did not act in full compliance with IPRA. To the extent that is her position, it is a misunderstanding of the law. As discussed, "Section 14-2-11 does not entitle a requester to statutory damages in every case where the public body has failed to comply with IPRA." *Britton*, 2019-NMCA-002, ¶ 38. Instead, it "only mandates their award where the district court has determined that the public body's failure is unreasonable." *Id.* (internal quotation marks and citation

omitted). In this case, the district court found that NMLB's failure was not unreasonable, and thus, the district court could "properly refuse to award statutory damages." *Id.*

**CONCLUSION**

**{8}** For the foregoing reasons, Henry has not presented a viable argument that the district court erred. Accordingly, we affirm.

**{9}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**